### GARCIA et al. v. SILVA.

[No. 2360.   Sept. 18, 1920.]

[Rehearing Denied Nov. 29, 1920.]

### SYLLABUS BY THE COURT.

An appellant, who has taken no exception to findings of fact and conclusions of law in the trial court, and who has failed to, in any appropriate manner, direct the attention of the trial court to his theory of the facts and the law, cannot, on appeal, challenge the correctness of the findings of facts

and conclusions of law. Section 37, c. 43, Laws 1917, dispenses with formal exceptions, but it does not relieve a party of the necessity of directing the attention of the trial court, in some appropriate manner, to the claimed errors which it is making, and seeking the correction there in the first instance.

Appeal from District Court, Bernalillo County, Raynolds, Judge.

Suit by Rafael Garcia, etc., and others against Secundina Silva, to foreclose a deed of trust securing a note. Judgment for plaintiffs, and defendant appeals. Affirmed.

L. F. LEE, of Albuquerque, for appellant.

GEO. S. KLOCK, of Albuquerque, for appellees.

OPINION OF THE COURT.

ROBERTS, J. This suit was filed in the court below in the year 1917, to foreclose a deed of trust securing a promissory note executed in 1906. Two defenses were interposed by the answer: (1) Payment; and (2) the statute of limitations. By reply the plaintiff pleaded an acknowledgment of the indebtedness in writing within the six years. The trial court made findings of fact, and stated conclusions of law, and entered judgment for appellee foreclosing the mortgage, from which judgment appellant appeals.

The evidence is not made a part of the record, appellant here relying solely upon the proposition that the giving of the so-called interest notes did not constitute an admission of the indebtedness in writing, as required by section 3356, Code 1915, in order to revive the indebtedness, or take it out from under the operation of the statute of limitations. Appellant in her brief says:

"After the pleadings were framed and issues made up a trial was had, at the conclusion of which the court made findings of law, to which appellant duly excepted."

We have searched the record diligently, and fail to find any exceptions whatever to the findings of fact and conclusions of law. The court, among other findings of fact and conclusions of law made the following:

"(1) The court finds as a matter of law that John M. Moore was the duly authorized agent of the maker of the principal note sued on in this case, and that the indorsements made on the principal note were made by the said John M. Moore, and are in his handwriting.

"(2) That the promissory notes for interest found to have been signed by the defendant were signed as a part of the extension agreements indorsed on the back of the principal note.

"(3) That such indorsements by said John M. Moore, together with the signing of said promissory notes by the defendant, constitute an admission or a new promise in writing, signed by the party to be charged therewith, which kept alive the cause of action in the plaintiff."

Appellant in the court below requested five-findings, the second only having any possible bearing upon the question presented here, which is as follows:

"That the note in the sum of two thousand dollars ($2,000.00), set out in plaintiff's complaint, has been discharged by the statute of limitations."

Appellant's contention here, boiled down, may be stated as follows: That an acknowledgment or new promise sufficient to revive a contract, barred by the statute of limitations, must be in writing, and such written acknowledgment or new promise must, in and of itself, without resort to extrinsic evidence, show clearly an acknowledgment of the existence of the indebtedness, and be signed by the party to be charged; that resort to parol evidence cannot be had to show the acknowledgment or new promise, or to show that a writing constitutes an acknowledgment or new promise.

Appellee argues that appellant is precluded from presenting this question to the appellate court, because she failed to invoke a ruling of the trial court upon this point, or stated, as appellee states it, no exceptions or objections were interposed to the findings of fact and conclusions of law upon which the judgment is based. Appellant replies that by virtue of section 37, c. 43, Laws 1917, no exceptions were required to be reserved.

This identical question has been many times considered by the court, and it has been uniformly held that, while it has the effect to dispense with formal exceptions,

it does not obviate the necessity of the complaining party in some appropriate manner informing the trial court that he is dissatisfied with the ruling made or contemplated, and the grounds of his objection. In other words, the complaining party must fully advise the trial court of his theory of the law or facts, so that the court may be able to rule intelligently, and the party in the trial court receive the relief to which he is entitled. This was the effect of the decision in the case of Neher v. Armijo, 11 N. M. 67, 66 Pac. 517, in construing a similar statute. The question has been so many times considered by this court and by the territorial Supreme Court that further discussion would be unavailing. We refer to a few of the many cases as follows: Murphy v. Hall, 26 N. M. 270, 191 Pac. 438; Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294; Baca v. Board of Commissioners, 22 N. M. 502, 165 Pac. 213; Blacklock v. Fox, 25 N. M. 391, 183 Pac. 402, Sandoval v. Unknown Heirs of Vigil, 25 N. M. 536, 185 Pac. 282.

If the findings asked by appellant had clearly presented the point now argued, or the conclusions of law requested had done so, the fact that no formal exceptions or objections had been interposed to the findings made would probably have been of no consequence, but the finding which we have quoted would certainly not have the effect to advise the court as to the point here made. Of course the statute of limitations does not have the effect to discharge an indebtedness, and this is what the court was asked to find. What appellant probably had in mind was that the cause of action on the contract was barred by the statute of limitations; but even if this finding had been so worded, it would not have advised the court that appellant was insisting that parol evidence could not be received to show that a note held by the appellee was an interest note representing interest on the principal indebtedness. The proper place to have raised this question was first by objection to the admissibility of such parol evidence, but, as the evidence is not here, it is impossible to determine whether such an objection was interposed or not. Certainly he should

have raised the question in some appropriate form at the time the findings were proposed or made. Not having been presented in the trial court, it will not be considered here, and the judgment will be affirmed; and it is so ordered.

PARKER, C. J. and HOLLOMAN, District Judge, concur.