[No. 3017. Oct. 26, 1925.]

KING v. DOHERTY.

[240 Pac. 810.]

SYLLABUS. BY THE COURT.

1. A general appearance by the appellee in this court waives an irregularity in the transcript in failing to contain the cost bond on appeal.

2. Where a cost bond on appeal is applied for in the praecipe for the record, and the clerk certifies that he has made a complete transcript as called for in the praecipe, and appellant relies upon such praecipe and certificate, and overlooks the fact of the omission of the bond from the transcript, good cause is shown for the delay in applying for certiorari to bring up such bond, within the requirements of section 33, c. 43, Laws 1917.

Appeal from District Court, Union County; Leib, Judge.

Action by John King against Joe Doherty. Judgment for defendant, and plaintiff appeals. Defendant moves to dismiss the appeal, and plaintiff moved for certiorari to certify up the cost bond as part of the record. Motion to dismiss appeal denied, and writ of certiorari awarded.

Joseph Gill, of Albuquerque, for appellant.

D. K. Sadler, of Raton, for appellee.

OPINION OF THE COURT

PARKER, C. J. Appellant filed transcript and briefs in due time. Thereafter appellee filed a general appearance, and obtained an extension of time within which to file reply briefs. Subsequent thereto appellee filed a motion to dismiss the appeal, on the ground that the transcript failed to show the filing of a cost bond by appellant, as required by the statute, in order to give this court jurisdiction to hear and determine the cause. No claim is made in the motion that the cost bond was not in fact filed, merely that the tran-

[1] 3CJ p. 1250 n. 93; p. 1251 n. 9 New.
[2] 4CJ p. 509 n. 34.

script fails to show the fact. The transcript contains the praecipe for the record, which, among other things, calls for the cost bond, and the clerk in his certificate states that the transcript is complete, as called for by the praecipe. Appellant thereupon filed a verified application for a writ of certiorari to the clerk to certify up the cost bond as a part of the record. This motion was filed more than 30 days after filing his briefs. The two motions came on for hearing together.

[1] 1. The motion to dismiss, as before seen, is not founded upon any allegation that a cost bond was not in fact filed, but rests solely upon the fact that the transcript fails to show the bond. The motion was filed after general appearance by the appellee, and after he had secured an extension of time to file briefs. It is, of course, true that no general appearance can confer jurisdiction of the subject-matter of the appeal, if in fact no bond was filed. But the fact that the transcript fails to show the bond is an entirely different matter. This is something which may be waived, and is waived by a general appearance. This court has general jurisdiction to entertain appeals from all final judgments of the district courts. When an appellee enters a general appearance in a cause in this court, he admits that the cause is pending here on its merits, and he waives many of the irregularities which may appear in the transcript. See 3 C. J. Appeal & Error, § 1363. Of course, if he knows of a fact defeating our jurisdiction, it is his duty, both before and after a general appearance, to call the same to our attention. But no such fact has been presented here. It is an omission in the transcript only, and not a jurisdictional fact, upon which he relies, which, as we have seen, he has waived. We do not desire to lay down any general rule as to the extent to which waiver may go in this connection. We will leave each case to be decided when presented. We may say generally, however, that the doctrine may well be extended rather than limited when the ends of justice require. We might well leave the matter at this point, but will consider the application of appellant for a writ of certiorari.

[2] 2. Counsel in his verified application shows that the bond was filed in time, was applied for in the praecipe for the record, and the certificate of the clerk shows the compliance by him with the praecipe. The clerk omitted the bond presumably by inadvertence. Counsel shows that he did not discover the omission until the motion to dismiss came in, relying upon the praecipe and the certificate of the clerk. He then filed the application. These facts, together with the general appearance of the appellee, we think, are sufficient to entitle the appellant to the writ, within the provisions of section 33, c. 43, Laws 1917. It is true, as has been often laid down by this court, that it is the duty of counsel to see to the correctness and completeness of his transcript; but in this case the fault is with the clerk and the appellee, and not with the appellant, except in his failure to carefully check over the transcript to see that every paper called for in the praecipe was in the transcript. The fault is almost exclusively that of others, and very slightly that of appellant. We therefore deem the appellant entitled to the writ of certiorari. We do not understand our holding to be a departure from our former decisions, and it is not so intended.

It follows from all of the foregoing that the motion to dismiss the appeal should be denied, and that the writ of certiorari should be awarded, and it is so ordered.

BICKLEY and WATSON, JJ., concur.