[No. 2919. March 17, 1926.]

## ENGLISH v. BRANUM.

[245 Pac. 252.]

### SYLLABUS BY THE COURT.

1.  A subcontractor's lien is not defeated by the folowing facts: (a) That the original contractor, to his knowledge, was to furnish and pay for all labor and materials; (b) that he has knowledge of and acquiesces in the owner's refusal to pay for materials; (c) that he has made no demands upon the owner, and has received payments from time to time from the original contractor; (d) that the owner has paid the original contractor in full.

2.  Objection first made on appeal to personal judgment against owner in decree foreclosing subcontractor's lien cannot be considered.

Appeal from District Court, Lincoln County; Ed Mechem, Judge.

Action by Frank A. English against Linza Branum and another. From a personal judgment for plaintiff, and judgment for foreclosure of a mechanic's lien, defendant Linza Branum appeals. Affirmed.

G. B. Barber, of Carrizozo, for appellant.

Renehan & Gilbert, of Santa Fe, for appellee.

### OPINION OF THE COURT

WATSON, J. Appellee, Frank A. English, a subcontractor, recovered personal judgment in the court below against appellant Linza Branum, owner, and one A. L. V. Neilson, original contractor, and for foreclosure of a mechanic's lien, and for sale of the improved premises to satisfy the amount of the judgment.

Appellant in his brief raises two questions: First, that the court erred in overruling the demurrer to the complaint; and, second, that the court erred in overruling a motion for judgment on the pleadings. In the argument at bar, appellant abandoned his first contention and now relies on the second only.

[1] 40CJ p. 146 n. 81; p. 148 n. 8; p. 325 n. 55; p. 345 n. 63. [2] 3CJ p. 877 n. 91.

[1] The question arises upon the new matter set up by way of separate defense in appellant's separate answer. The substance of the new matter is that appellant had a contract with his co-defendant, the original contractor, to furnish all material and perform all labor in connection with the construction, except certain rough lumber which appellant was to furnish, and that appellee had full knowledge of this contract, and that appellant has performed it in full; that some time before the completion of the building a bill was presented to appellant by a materialman for materials which, under the contract, were to be furnished by the original contractor, and that in the presence of appellee appellant refused to pay this bill, and called attention to the fact that, under his contract, he was not liable therefor, and that appellee thereafter made no demands on appellant for material or labor, and received payments thereupon from the original contractor. The trial court granted appellant's motion that these facts be taken as confessed for want of a reply, but overruled his oral motion for judgment in favor of the appellant thereon. The grounds of appellant's motion do not appear, but it is plain from the record, and from his requested findings and conclusions, that he presented to the court the theory that the facts pleaded were sufficient to defeat the lien.

Appellant now argues that by the facts pleaded appellee waived and was estopped from asserting a lien. It seems clear that this contention is without merit. The facts show no more than a denial of personal liability and an acquiescence by appellee therein. We cannot see how this would affect the lien which the statute gives upon the premises improved.

[2] Some question is now raised as to the personal judgment rendered against appellant. Appellee calls attention to the fact that no exception was at any time taken to this action, and that it has not been assigned as error. In fact, we are unable to find from the record that the question of appellee's right to personal judgment against appellant, as distinguished from his right

to a lien upon appellant's property, was ever raised in the trial court. We think this precludes appellant from raising the question here. Section 37, c. 43, Laws 1917; Garcia v. Silva, 193 P. 498, 26 N. M. 421.

Finding no error, the judgment will be affirmed, and it is so ordered.

PARKER, C. J., and BICKLEY, J.. concur.