[No. 2978. May 13, 1926. Rehearing Granted Aug. 23, 1926.]

## MIERA et al. v. SAMMONS.

[248 Pac. 1096.]

### SYLLABUS BY THE COURT

1. Under Laws of 1917, c. 46, process is necessary on cross-complaint only to bring in new parties.

2. Under Code 1915, § 4183, service by mail is accomplished by depositing in the post office and the time for further pleading is to be computed from that act.

3. The court having found performance of the acts necessary, under Code 1915, § 4183, to effect service by mailing, and such finding not being excepted to, an assignment that the affidavit of mailing does not support the finding does not present a jurisdictional question, since it is the facts, not the mode of their proof, that is jurisdictional.

4. Quære: Whether plaintiff, in suit to quiet title on allegations of title in fee simple and unfounded claims by defendant, is bound to answer cross-complaint in which the defendant, as cross-plaintiff, alleges title in himself and that plaintiff's claims are unfounded?

[1] 32Cyc p. 424 n. 14, 15, 16.   [2] 32Cyc p. 467 n. 22.
[3] 3CJ p. 936 n. 96.   [4] 32Cyc. p. 1362 n. 38.   [5] 38Cyc p. 1273 n. 73 New.   [6] 22CJ p. 130 n. 26 New.   [7] 32Cyc p. 1378 n 74 New.   [8, 9] 4CJ p. 701 n. 49; 15CJ p. 846 n. 24; 32Cyc p. 530 n. 70 New.

5. Code 1915, § 4186, does not require five days' notice of final hearing of an equity cause during the term.

6. The judgment reciting that the cause was set for trial and tried on the 10th, and an order overruling motion to vacate reciting that it was set to be tried on the 11th, it will be presumed, in support of the judgment, that the recital in the order is erroneous.

7. Complaint in suit to quiet title alleged ownership in plaintiffs and unfounded claims by defendant. Defendant, by cross-complaint, alleged title in herself and unfounded claims by plaintiffs. Proceeding to trial in the absence of plaintiffs, the court found the facts as alleged in the cross-complaint. Held, that the court cannot be deemed to have left the complaint undisposed of even though he failed formally to dismiss it.

8. Appellants cannot be heard on a theory at variance with their theory in the trial court. Laws 1917, c. 43, § 37.

9. Defects in service are waived by moving, on other grounds, to vacate the judgment.

Appeal from District Court, San Jauan County; Holloman, Judge.

Suit by Merejilda C. de Miera and another against Mrs. H. B. Sammons, to quiet title, in which defendant filed a cross-complaint. From an order overruling plaintiffs' motion to vacate a judgment for defendant, plaintiffs appeal. Affirmed and remanded.

H. B. Jamison, of Albuquerque, for appellants.

Renehan & Gilbert, of Santa Fe, for appellee.

OPINION OF THE COURT

WATSON, J. February 3, 1922, appellants filed in the district court of San Juan county a complaint in the ordinary form in a suit to quiet title. May 10, 1923, appellee filed answer denying appellants' ownership of the lands and a cross-complaint in the usual form, alleging her own ownership of the land, and praying that her title be quieted as against the claims of the appellants. A copy of this answer and cross-complaint was served upon appellants by mailing, at Farmington, to their attorney of record at Albuqerque, September 17, 1923. October 10, judgment was entered, reciting that,

pursuant to a regular setting in open court, the cause came on for hearing on that date, appellee appearing by her counsel; finding that the appellee was the owner in fee of the lands in question, and that the appellants made claims adverse to appellee's said title, which claims were without right; and decreeing that appellee's title be quieted as against the claims of the appellants.

Appellants filed a motion to vacate said judgment upon the following grounds:

"I.   Because judgment was taken upon the cross-complaint before the expiration of the time allowed by law within which to plead to said cross-complaint, and in connection with this ground, and as a part thereof, reference is hereby made to the affidavit of H. B. Jamison, which is hereby made part and parcel of this motion the same as if incorporated herein.

"II.  Because judgment was taken before the expiration of 20 days from that date when the plaintiffs, or their attorneys, first had the cross-complaint served upon them, all of which was well known to the attorney for Mrs. H. B. Sammons by reason of a letter sent by H. B. Jamison to said attorney for Mrs. H. B. Sammons, and in connection with this ground reference is made to the affidavit of H. B. Jamison, which is made part and parcel of this motion the same as if incorporated herein.

"III. Because there was no authority under the laws of the state of New Mexico to grant a judgment on said cross-complaint.

"IV.  Because said cross-complaint does not state a cause of action against the cross-defendants, in that there is no allegation that the cross-plaintiff was in possession, or that both parties were out of possession and such an allegation is essential to a decree to quiet title.

"V.   Because neither the plaintiffs nor their attorney were served with any summons upon the cross-complaint and no copy of cross-complaint was served more than 20 days before judgment."

Attached to the motion and made a part thereof was the affidavit of H. B. Jamison, attorney for appellants, setting forth that he had not received the copy of the answer and cross-complaint until September 26, 1923, and that at no time thereafter did appellee's attorney communicate to him, nor did he otherwise have knowl-

edge or information, that judgment was to be applied for on said October 10, or on any other date. The court made findings of fact and overruled this motion; from which action this appeal is taken.

The fourth ground of appellants' motion to vacate is not argued here and is deemed waived.

Grounds 1, 2, and 5 of the motion are based upon the theory that judgment was rendered as upon default for failure of appellants to plead to the cross-complaint. Considering these grounds, it appears that in the trial court, as here, appellants presented two points as demonstrating that they were not in default: First, that upon the cross-complaint process should have been issued and served upon the appellants; and, second, that judgment could not be entered so long as appellants had time to plead to the cross-complaint, which time was 20 days.

Chapter 46, Laws of 1917, provides:

"Section 1. Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint. New parties material to the cause may be brought in by the cross-complaint upon summons issued and served as provided in other cases. The cross-complaint must be served upon the parties affected thereby and on the filing of a cross-complaint the same proceedings may be had as on the original complaint."

[1] It seems to be the clear implication from this chapter that summons is to be issued and served upon cross-complaint only for the purpose of bringing in new parties; while, as to those persons made parties by the original complaint, service of the cross-complaint itself is sufficient. We held in Young v. Vail et al., 29 N. M. 324, 222 P. 912, 34 A. L. R. 980, that the complaint and the cross-complaint constitute but one suit. We can think of no useful purpose to be served by taking out new process when the cross-complaint is filed, except in the case of new parties; and, as the Legisla-

ture evidently intended to dispense with it, appellants' first point above mentioned must be overruled.

[**2**] Decision of appellants' second point, above stated, depends upon whether time should be computed from September 17, when the copy was mailed at Farmington, or from September 26, when it was received at Albuquerque. This requires construction of Code 1915, § 4183, which provides:

"All service of papers, when the party to be notified has appeared by attorney, shall be made upon the attorney. On pleadings and papers to be filed or served, the attorney shall indorse his name and place of business. Service of papers upon an attorney shall be made either by delivering the paper to him personally, or by leaving it at his office between the hours of nine a. m. and four p. m. with some person in charge thereof, or by depositing it in the post-office, securely enveloped, with postage thereon paid, addressed to the attorney at his place of business. Where the party appears in person the service may be made in like manner on the party himself."

Under similar statutes it seems to be uniformly held that the date of the mailing is deemed the date of service. Case note: "When service by mail is complete." 18 Ann. Cas. 286.

[**3**] By finding No. 1, upon the motion to vacate, the court found the existence of the facts necessary to constitute service by mailing, under Code 1915, § 4183. It is here objected that the affidavit of mailing made by appellants' attorney was not sufficient to justify the finding, it not being deposed therein that the copy was deposited in the post office at Farmington, but merely that it was "mailed   *  *  *   at the post office in the town of Farmington," and not being deposed therein that said copy was securely enveloped. No exception was taken to the finding or order, save as appears in the following:

"Upon the facts involved in this matter (the facts found by the court), it is ordered, adjudged, and decreed that the motion of said plaintiffs to set aside said judgment be, and the same is hereby overruled, to which ruling of the court the plaintiffs object and except."

Such exception does not point out any infirmity in

the findings or ruling, and hence is ineffective. Laws 1917, ch. 43, § 37; Garcia v. Silva, 26 N. M. 421, 193 P. 498. Hence, unless the question is jurisdictional, we should disregard it. It may be admitted that service in the manner required by statute is jurisdictional, but that is not the question. It is not claimed that the copy was not deposited in the post office, nor that it was not securely enveloped. Counsel's affidavit discloses that he received it through the mail. So it must have been deposited in the post office. No objection is made in the affidavit that it was not properly enveloped. The objection is that the affidavit of mailing fails to show these facts. Though the failure to file a cost bond is a fatal omission, divesting us of jurisdiction, we recently overruled a motion to dismiss, based, not on the failure to file cost bond, but on the failure of the record to show the fact, and granted opposing counsel's motion for certiorari for diminution of the record to bring the cost bond into the transcript. King v. Doherty, 31 N. M. 48, 240 P. 810. It was not the inclusion of the cost bond in the record, but its filing, that was jurisdictional. So here it is not a particular form of affidavit that is jurisdictional. It is the doing of the required acts. The court found those acts to have been performed. The affidavit of mailing, with counsel's admission in the affidavit supporting his motion that he received the copy through the mail, and his failure to advert to any insufficiency in the enveloping, would seem to justify the finding complained of. We conclude that no jurisdictional question is here raised.

[4] Appellants also argue here that the cross-complaint, being a mere assertion of title in the appellee, was but one mode of denying the allegation of title in the appellants; that such fact could have been proven under the general issue, and hence was not new matter within Code 1915, § 4119, requiring a reply; and that therefore appellants were not in default for failure to plead, on October 10, when the judgment was entered. Appellants cite Sais v. City Electric Co., 26 N. M. 66, 188 P. 1110. This contention raises the question whether

a party seeking the quieting of his title on allegations of ownership in fee simple and of unfounded claims of title by a defendant is bound to answer a cross-complaint in which that defendant, as cross-plaintiff, claims to own in fee simple and alleges that plaintiff's claims are unfounded. We do not find it necessary to decide it.

Appellee contends that the question does not appear to be within the stated grounds of the motion, but appellants contend that it is within the third ground. Appellee then accepts, arguendo, the correctness of appellants' contention that there is no necessity for an answer to such a cross-complaint. She points out that, if appellants are right about this, the cause was at issue as soon as the cross-complaint was filed, and was therefore subject to setting for trial. She then contends that, as appears from the transcript, it is not true, as appellants assume, that judgment was rendered as upon default for their failure to plead to the cross-complaint; but that the cause was regularly set for trial and heard upon the issues made by the conflicting claims of the complaint and the cross-complaint.

The judgment recites that the cause came "up for hearing on this 10th day of October, 1923, the same having heretofore been regularly set for trial on this date in open court, and the defendant appearing by her counsel, J. M. Palmer, Esq., and the plaintiffs not appearing, neither in person nor by their counsel, and said cause being called for trial, and the evidence being introduced. * * * " The transcript does not show any motion for, or entry of, default. The order overruling the motion to vacate contains a finding:

"That at the regular October term of said court held at Aztec, N. M., for the year 1923, said cause was duly set for trial by the court to be heard on the 11th day of October."

This condition of the record seems to support appellee's contention that the judgment was rendered, not upon the theory that appellants were in default for failure to plead, but that their default consisted mere-

ly in their failure to appear for trial. Appellants point out that, in passing on the motion to vacate, the court found that the cross-complaint was served on September 17th and that between then and the rendition of judgment more than 20 days elapsed, during which time appellants failed to answer or plead or appear to the cross-complaint. We do not think, however, that this finding bears upon the question. At that time, the court was passing upon appellants' contention that they were not in default for failure to plead.

Thus far we find that appellants cannot be sustained in their contention that they were not in default, either because of failure properly to serve the cross-complaint, or because their time to answer had not expired. If we accept their contention that no answer was required to the cross-complaint, it follows that the cause was fully at issue and ready for setting.

[5] To escape the situation in which this latter contention leaves them, appellants urge that the transcript does not show that they had five days' notice of trial or hearing, to which they claim to be entitled under Code 1915, § 4186. Appellee replies that such notice is not necessary for a setting during the term. It was so held in U. S. v. Irrigation Co., 13 N. M. 386, 397, 85 P. 393. Appellants urge that the rule there laid down imposes upon the bar the undue burden of being always present during a term. We do not think this sufficient reason to reopen a question settled 20 years ago. If the rule had been found oppressive in practice, or is deemed so now, legislation would seem to be the proper remedy.

[6] Appellants seek to make a point upon the discrepancy between the judgment and the order, it appearing in the former that the cause was set for trial for the 10th and tried on that date; while in the order the recital is that it had been set for trial on the 11th. Apparently it was tried on the 10th, as the clerk certifies the judgment as filed on that date. We are not warranted in presuming that after setting the cause for

the 11th, the court proceeded to hear it on the 10th. In support of the judgment, we must presume that there is error in the recital in the order, which, if called to the attention of the court, would have been corrected.

[7] Appellants, under the third ground of their motion, also contend that the court could not grant the relief prayed for in the cross-complaint without disposing of the complaint. It seems to be the theory of the appellants that the court disregarded the issue made by the complaint and the answer as to appellants' ownership of the property in fee simple, and proceeded simply to pass on the facts alleged in the cross-complaint; namely, that the appellee was the owner. As appellants point out in their brief, the issue made by the complaint and the cross-complaint was whether the title in fee was in appellants or appellee. Their claims were utterly opposed. The court could not have found that the appellee owned the property without excluding the ownership thereof by the appellants. The court did find that appellants' claims were "without any right whatever, and that plaintiffs (appellants) have no estate, right, title or interest whatever in said lands or any part thereof." We cannot understand, therefore, how it can be said that the court left the allegations of the complaint undisposed of. The court might have formally dismissed the complaint. But that would seem to be a mere matter of form, and to make no substantial difference. The court, in disposing of the motion to vacate, did find:

"That on said 11th day of October, 1923, upon evidence duly submitted to the court and heard, judgment was rendered in favor of the defendant on the cross-complaint in this action."

It is urged that this shows that the court disregarded the complaint and left it undisposed of. We are not impressed with the contention. We think it signifies merely that the court found the issues for the cross-plaintiff.

[**8, 9**]   It is also urged that since the copy of the cross-complaint was served outside the First judicial district, appellants were entitled to 30 days, instead of 20 days, to file their answer. That contention is so clearly at variance with the theory of the motion, from the overruling of which the appeal was taken, that we cannot entertain it. Laws 1917, ch. 43. § 37; Garcia v. Silva, supra. If urged that this question is jurisdictional, it may be answered that, by attacking the sufficiency of the cross-complaint (fourth ground of motion), appellants are considered, under the doctrine well established in this jurisdiction, to have waived objections to the service. Boulder, Colo., Sanatorium v. Vanston, 14 N. M. 436, 94 P. 945; Fowler v. Casualty Co., 17 N. M. 188, 124 P. 479; Crowell v. Kopp, 26 N. M. 146, 189 P. 652. The same principle is applied as to citation on appeal or error. Dailey v. Foster, 17 N. M. 377, 128 P. 71; Noble v. McKinley Land & Lumber Co., 30 N. M. 294, 232 P. 525; Christian v. Lockhart, 30 N. M. 484, 239 P. 285.

We do not see, therefore, how appellants can prevail. They were either in default for failure to plead to the cross-complaint, or, if not, they were in default for failure to appear at the trial. It is unfortunate that appellants are denied another opportunity to present their case. It may be proper to remark that they do not seem to have appealed to the discretion of the trial court. They contended that they were entitled as of right to a vacation of the judgment. Such is their position here. It cannot be sustained. So the order overruling the motion to vacate the judgment must be affirmed, and remanded for proceedings consistent herewith.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.

On Motion for Rehearing.

WATSON, J.   The principal objection goes to our holding that Code 1915, § 4186, does not require five

days' notice of final hearing of an equity cause during terms. It is urged that, under section 4185 and numerous decisions reviewed in Fullen v. Fullen, 21 N. M. 212, 153 P. 294, and later decisions, there are no terms of court except for jury trials; that for equity causes courts are always in session; and that hence, if counsel ''are presumed to be present during terms of court wherein their causes are pending,'' as said in United States v. Irrigation Co., 13 N. M. 386, 85 P. 393, they are always presumed present with respect to equity cases. It is urged that such a rule, not only works hardship upon attorneys and litigants, but amounts to denial of due process of law.

Because the Legislature has seen fit to abolish terms of court for the transaction of all nonjury business, including final hearings, it does not follow that, in prescribing the notice to be given in equity causes, it might not take into consideration the regular recurrence of jury terms, and require less or shorter notice during such terms. It is hardly to be doubted that section 4186 applies to equity causes, and it plainly contemplates that, during term, the time of hearing of a nonjury case shall be at the discretion of the court. It is equally plain that during vacation the five days' notice is necessary. This only to avoid misunderstanding of our former opinion.

It is urged that, even if five days' notice is not necessary, some notice is a fundamental requisite, and that appellant had none. Appellee questions whether the lack of all notice properly appears of record. However that may be, the answer is that appellant had constructive notice, through the presumptive presence of her counsel when the cause was set for hearing. This doctrine may be harsh, but it is of long standing. We do not feel free to depart from it.

Counsel, referring to our suggestion that the discretion of the trial court was not invoked to vacate the judgment, urges that, under the view we hold and the decisions as to the control of a trial court over its

judgments, that court was without discretion. He points out that this was not a judgment rendered "out of term time, upon default." Code 1915, § 4227. It was not irregular. Code 1915, § 4230. He overlooks the fact that It was under control of the court rendering it for 30 days. Laws 1917, c. 15.

Satisfied that the appeal was correctly decided, we adhere to our former disposition thereof.

PARKER, C. J., and BICKLEY, J., concur.