18 P.(2d) 251

SUNSHINE VALLEY IRR. CO. et al. v. SUNSHINE VALLEY CONSERVANCY DIST.

No. 3471.

Supreme Court of New Mexico.

Dec. 31, 1932.

John J. Kenney and A. M. Edwards, both of Santa Fé, for plaintiffs in error.

Beutler & Fahy, of Taos, and Barker & Fahy, of Santa Fé, for defendant in error.

NEAL, J.

Some time previous to the 9th day of August, 1928, a petition was filed in this cause, with the clerk of the district court of Taos county, by the board of directors of the Sunshine Valley conservancy district, against the board of directors of said Sunshine Valley Irrigation Company, and each of them, to wit, Volney T. Hoggatt, John S. Creel, Mert Tracey, A. D. Galloway, and A. L. Snyder, for an order to show cause. why certain property alleged to be the property of the conservancy district, but the title to which was in the respondent, the Sunshine Valley Irrigation Company, should not be turned over and transferred and assigned to the Sunshine Valley conservancy district, upon which petition there appears to have been an order to show cause why the transfer of the property should not be made. Neither this first petition nor the order to show cause, issued thereon, are a part of the record in this case, and the only knowledge we have of their existence is contained in a return to the order to show cause, filed August 9, 1928, which recites that the order to show cause was issued on the 27th day of June, 1928. This return to the order was signed by Volney T. Hoggatt, John S. Creel, Mert Tracey, A. D. Galloway, and A. L. Snyder, acting by their attorney, Mr. A. M. Edwards, Esq. This return to the order to show cause attacks the petition by way of demurrer thereto and also pleads affirmative defenses. The record does not show that any action was taken upon this order to show cause, or upon the return thereto, filed August 9, 1928. It is further shown by the record that on February 16, 1929, the board of directors of the Sunshine Valley conservancy district filed their amended petition in the cause, against all the appellants, asking an order to show cause why the certain property described in the petition should not be conveyed to and transferred to the said conservancy district, and on the same day the court issued its order, based upon the amended petition referred to.

The order to show cause issued on February 16, 1929, fixed the 20th day of March, 1929, at 10 o'clock a. m., as the return day of said order, and the said order included a temporary restraining order enjoining the respondents, in said order, and plaintiffs in error here, from disposing of the funds or property described in the petition. The cause coming on to be heard on the 20th day of March, 1929, pursuant to the order to show cause, the respondents therein and the plaintiffs in error here made no return on the order and did not appear. The court found that each of the respondents had been duly and legally served, and had wholly failed to appear or file answer or return and the respondents were adjudged to be in default. The court took the evidence in the case, made its findings of fact and conclusions of law, and entered its judgment in the cause decreeing the property described in the petition to be the property of the Sunshine Valley conservancy district, and ordering the respondents to make conveyance and transfer thereof, and permanently enjoined and restrained the plaintiffs in error from interfering or attempting to interfere with the ownership, manage-

ment, and control of defendants in error, in the ownership, etc. Thereafter, and on the 15th day of April, 1929, a respondent in said order and one of the plaintiffs in error here, the Sunshine Valley Irrigation Company, appeared specially, for the purpose of moving to set aside the final judgment and order of the court, stating in said motion, as a ground therefor, that the court had no jurisdiction of the Sunshine Valley Irrigation Company at the time of issuing of the order of March 20, 1929, above referred to, for the reason that neither the officers, directors, or statutory agent, or either of them, were served with a copy of the order to show cause, and that, at a hearing which, it is alleged, was held January 6, 1929, a demurrer (no record of such hearing or the demurrer referred to appear in the record) to the first order to show cause was sustained, upon the ground that the Sunshine Valley Irrigation Company was a necessary party to the proceedings, and it was alleged that no subsequent order or copy thereof had been served on the officers of the Sunshine Valley Irrigation Company. Upon notice, this motion to set aside and vacate the order and judgment of March 20, 1929, was, on the 4th day of May, 1929, presented, and the court, after a hearing, at which counsel for all parties were present, denied the motion. No exceptions appear to have been taken to any of the rulings of the court or to any order or judgment rendered or finding made. There is, in the record, no bill of exceptions preserving the evidence adduced, in proof of the facts set out in the motion to vacate the judgment. A petition for a writ of error was filed in this court; the writ of error was allowed and issued.

The first point relied upon by plaintiffs in error for reversal is: "That the record fails to show service of the order to show cause, issued by the court on February 16, 1929, upon the respondents, and that no service is shown of any kind upon the Sunshine Valley Irrigation Company, and only service by mail as to the other respondents."

We think the record does show service. The court found specifically in its order of March 20, 1929, that the *"respondents* and *each* of them," had been "duly and legally served." There is nothing in the record that contradicts this finding of fact by the court, unless the affidavit of Charles Fahy, Esq., of counsel for petitioners, that he mailed a copy of the amended petition and a copy of the order to show cause to Mr. A. M. Edwards, Esq., of counsel for respondents, and that receipt thereof was acknowledged by counsel, be taken as a contradiction of the same, in that, if as contended, such service upon counsel is insufficient, and not, legally speaking, service. It appears from the record before us that Mr. Edwards was attorney of record for the respondents, Volney T. Hoggatt, John S. Creel, Mert Tracey, A. D. Galloway, and A. L. Snyder, he having filed for them a return to a former order to show cause, and no point is made here that he was not in fact the attorney of record for the respondents named in the affidavit. If he was, as to them, the service upon him of the amended pleadings and order issued thereon was sufficient. Section 105-705, and section 105-802, Comp. St. 1929.

■■ As to the Sunshine Valley Irrigation Company, the only evidence before us as to service upon it, is the positive finding of the fact by the court that it was served, above referred to, and it further appears that it filed a motion to set the order of March 20, 1929, aside, for the reasons: (1) That no copy of the order to show cause (issued February 16, 1929) was served on its officers, directors, statutory agent, or either of them; and (2) that a demurrer had previously, on January 6, 1929, been sustained, and no subsequent order had been served. This motion was heard and the relief denied. The evidence adduced upon this hearing is not before us, nor was any exception taken to the action of the court thereon; no finding of fact requested. It is apparent that the entire record in this case is not before us. Upon a doubtful or deficient record every presumption is indulged in favor of the correctness and regularity of the decision of the trial court. Loftus v. Johnson, 22 N. M. 302, 304, 161 P. 1115, Sandoval v. Unknown Heirs of Vigil, 25 N. M. 536, 185 P. 282. We therefore conclude that the plaintiffs in error were properly served. On account of the condition of the record before us, the remaining assignments of error presented in the brief cannot be considered here.

We therefore conclude that this cause should be affirmed. It is so ordered.

BICKLEY, C. J., and WATSON, SADLER, and HUDSPETH, JJ., concur.