673 P.2d 1329

**Lorenzo SAIZ, Plaintiff-Appellee,**

v.

**Dr. Gary D. BARHAM,**
**Defendant-Appellant.**

**No. 7347.**

Court of Appeals of New Mexico.

Nov. 3, 1983.

Certiorari Denied Dec. 19, 1983.

M. Rick Beitler, Jr., Ellen G. Thorne, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for defendant-appellant.

Ricardo E. Ortega, Las Cruces, for plaintiff-appellee.

## OPINION

WOOD, Judge.

This interlocutory appeal involves the expiration of the limitation period and expiration of the tolling of the limitation period for filing a medical malpractice suit.

Defendant is a health care provider, NMSA 1978, Section 41–5–3(A) (Repl.Pamp. 1982), qualified under the Medical Malpractice Act, NMSA 1978, Section 41–5–6 (Repl.Pamp.1982). A condition precedent to suing defendant for malpractice was the filing of an application to the medical review commission to review the malpractice claim. NMSA 1978, §§ 41–5–14(A) and 41–5–15 (Repl.Pamp.1982).

Plaintiff applied for such a review. His complaint alleged that defendant committed malpractice on July 3, 1979, in treating plaintiff for a wrist injury. The application for review was filed with the review commission on July 2, 1982.

The review commission rendered its final decision on November 20, 1982 and entered the decision in the permanent files of the commission on November 22, 1982. On the same day, copies of the final decision were mailed, by certified mail, to plaintiff's attorney and to plaintiff, in care of his attorney. Both mailings were addressed to the attorney's post office box number. The return receipts for both mailings show they were received on December 2, 1982.

The district court complaint was filed December 30, 1982. Defendant moved for summary judgment on the basis that the complaint was not filed within the applicable limitation period.

The limitation period required the complaint to be "filed within three years after the date that the act of malpractice occurred". NMSA 1978, § 41–5–13 (Repl. Pamp.1982). However, the limitation period is tolled upon submission of the matter to the review commission and does "not commence to run again until thirty days after the panel's final decision is entered in the permanent files of the commission and *a copy is served upon the claimant and his attorney by certified mail.*" (Emphasis added.) NMSA 1978, § 41–5–22 (Repl. Pamp.1982). The appeal involves the emphasized portion of this statute.

The certified copies having been mailed on November 22, 1982, defendant contends the thirty-day tolling period expired on De-

cember 22, 1982, and the three-year limitation period had expired when the complaint was filed on December 30, 1982. The trial court denied the motion for summary judgment; we granted defendant's application for an interlocutory appeal.

Our discussion is divided into Sections A and B. In Section A we identify and answer the contentions of the parties. In Section B we figure the limitation period. We hold the complaint was not barred by the limitation period when filed.

### A. Contentions of the Parties

These contentions involve the meaning of the phrase "a copy is served upon the claimant and his attorney by certified mail."

### 1. "Served" Means "Receipt"

Plaintiff contends that "served" in Section 41–5–22 means "receipt". On this basis, he asserts the complaint was timely because the tolling period did not expire until thirty days after receipt of the final decision on December 2, 1982 and, thus, the filing of the complaint on December 30, 1982 was timely. Plaintiff cites no authority for this argument. *Compare* the Equal Employment Opportunity Act, 42 U.S.C.A. § 2000e–5(f)(1) (1981), which requires notice to the person aggrieved. The time to sue is "within thirty days" after the giving of such notice. Under this federal statute, the time to sue runs from receipt of the notice. *See Decker v. Anheuser-Busch,* 632 F.2d 1221 (5th Cir.1980). Section 41–5–22 is not worded in terms of notice; the statute says "served". Plaintiff asks us to disregard the statutory wording. We are to give effect to the statute as enacted. *State v. Elliott,* 89 N.M. 756, 557 P.2d 1105 (1977).

### 2. Rule of the Review Commission

NMSA 1978, Section 41–5–21 (Repl.Pamp. 1982), provides: "The director is authorized to adopt and publish rules of procedure necessary to implement and carry out the duties of the medical review commission."

The director of the review commission, *see* NMSA 1978, Section 41–5–14(E) (Repl. Pamp.1982), stated, by affidavit:

3. With respect to service of final decisions of the Medical-Legal Panel hearings, it has been the regular practice of the Medical Review Commission, in the absence of a separate address for a claimant, to mail by certified mail copies of the letter announcing the final results of the Medical-Legal Panel hearing to both claimant and claimant's attorney at claimant's attorney's office address. * *

Defendant contends this "regular practice" is a rule, and service was made in accordance with this rule. The director did not characterize this practice as a rule, and there being no other showing as to a "rule", we do not consider the "rule" argument further. Accordingly, we do not consider whether the State Rules Act applies to commission rules. *See* NMSA 1978, § 14–4–5.

### 3. When "Service" Occurred

Section 41–5–22 uses "served" but does not define that word. Defendant suggests that we look to the Rules of Civil Procedure to determine when service occurred. Plaintiff contends the Rules of Civil Procedure may not be relied upon. He points out that proceedings of the review commission are administrative proceedings which take place before a lawsuit is filed and argues, on this basis, that the Rules of Civil Procedure are not applicable. We accept plaintiff's contention that this appeal involves service in administrative proceedings. Nevertheless, the Rules of Civil Procedure provide guidance in determining when service occurred. *Compare National Labor Relations Bd. v. Local 264, Laborers' International Union of North America,* 529 F.2d 778 (8th Cir.1976).

Although Section 41–5–22 is silent as to how service is effected, NMSA 1978, Section 41–5–16(A) (Repl.Pamp.1982) indicates a basis for determining when service occurred. Section 41–5–16(A) provides that a copy of the application for review is to be

served on the health care provider. It also states: "Service shall be effected pursuant to New Mexico law." The Rules of Civil Procedure, adopted by the Supreme Court, are New Mexico laws. *See* NMSA 1978, §§ 38–1–1 and 38–1–2. Service pursuant to the Rules of Civil Procedure is service pursuant to New Mexico law. Accordingly, service provisions in the Rules of Civil Procedure guide us in determining when service occurred.

Under NMSA 1978, Civ.P.R. 5(b) (Repl. Pamp.1980), service is complete upon mailing. Service was complete upon mailing the final decision on November 22, 1982, there being no issue of non-receipt. *Myers v. Kapnison,* 93 N.M. 215, 598 P.2d 1175 (Ct.App.1979); *see Miera v. Sammons,* 31 N.M. 599, 248 P. 1096 (1926).

### 4. *Who Was to be Served*

Section 41–5–22 provides that a copy of the final decision is to be served upon the claimant and his attorney. Inasmuch as a copy of the final decision was mailed to both plaintiff and his attorney, we need not consider defendant's claim that mailing a copy of the decision only to the attorney would be sufficient. Plaintiff contends that mailing a copy of the decision to him, in care of his attorney and addressed to the post office box of the attorney, was insufficient service. We disagree.

■ Mailing the decision to plaintiff, in care of his attorney, was sufficient. *See Sunshine Valley Irr. Co. v. Sunshine Valley Conservancy Dist.,* 37 N.M. 77, 18 P.2d 251 (1932); Civ.P.R. 5(b). As *Decker v. Anheuser-Busch* states: "There is nothing new, novel or unique about the concept that notice to a person's attorney constitutes notice to the person." This case is not a criminal proceeding where personal service is required. *See Lindsey v. Martinez,* 90 N.M. 737, 568 P.2d 263 (Ct.App.1977). This case involves an administrative proceeding instituted by plaintiff, and service upon plaintiff of the administrative decision. Mailing

a copy of the decision to plaintiff, in care of his attorney in the administrative proceeding to the attorney's post office box, was sufficient service of the decision upon plaintiff.

Plaintiff contends, regardless of the sufficiency of the service upon him, that the decision should have been mailed to him. He recognizes that his application did not inform the commission of his personal address. He argues that evidence before the commission (his testimony and medical records) informed the commission of his personal address and, therefore, his copy of the decision should have been mailed to his personal address. There are two deficiencies in this argument. First, the evidence on which he relies is not before us; he goes outside the record in this argument. NMSA 1978, § 41–5–19(C) (Repl.Pamp. 1982); *State v. Duran,* 91 N.M. 756, 581 P.2d 19 (1978). Second, service upon him is to be made in accordance with New Mexico law; it was made in accordance with New Mexico law.

### B. *Figuring the Limitation Period*

■ We were guided by the Rules of Civil Procedure in determining when service occurred; we are also guided by those rules in figuring the time. This involves NMSA 1978, Civ.P.R. 6 (Repl.Pamp.1980).

The three-year limitation period of Section 41–5–13 ordinarily would have expired on July 3, 1982. However, July 3, 1982 was a Saturday. *See* NMSA 1978, Perpetual Calendar in Vol. 13. Under Civ.P.R. 6(a), the limitation period would not have expired until July 5, 1982. The application for review having been filed on July 2, 1982, three days of the limitation period remained.

The decision having been mailed on November 22, 1982, the thirty-day tolling period ordinarily would have expired on December 22, 1982. However, service having been made by mail, and plaintiff having a right to file suit after the decision was served,

**600**

three days were added by Civ.P.R. 6(e) before the tolling period expired. *See Trujillo v. State,* 90 N.M. 666, 568 P.2d 192 (1977). This expiration date of December 25, 1982, being a holiday and a Saturday, was extended to December 27, 1982 under Civ.P.R. 6(a).

Plaintiff had three days after December 27, 1982 to file suit before the limitation period of Section 41–5–13 expired. Plaintiff filed suit on December 30, 1982. Plaintiff's complaint was not barred by expiration of the limitation period.

The summary judgment was properly denied.

Defendant shall pay his appellate costs.

IT IS SO ORDERED.

LOPEZ and DONNELLY, JJ., concur.