**In re: REZULIN PRODUCTS LIABILITY LITIGATION (MDL No. 1348)**

**This Document Relates to: 03 Civ. 1343(LAK)**

**No. 00 Civ. 2843(LAK).**

United States District Court, S.D. New York.

June 11, 2003.

William Keeler, Randolph H. Barnhouse, Rosenbrough & Barnhouse, P.C., for Plaintiff.

Deborah A. Solove, James R. Wood, Miller, Stratvert & Torgerson, P.A., for Defendant Mark Sanazaro, M.D.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Insofar as is relevant here, this is an action against Mark Sanazaro, M.D., based on his prescription of Rezulin for plaintiff. The gravamen of the claim is for medical malpractice notwithstanding plaintiff's efforts to characterize it by other forms of words.[1] Dr. Sanazaro moves for summary judgment dismissing the complaint on the ground that it is barred by the New Mexico statute of limitations, which controls here in view of the commencement of the action in that state.

### Facts

The material facts are entirely undisputed.

Dr. Sanazaro is a physician who provided medical care to the plaintiff from February 1995 to January 2002. At some point (apparently October 29, 1997, although the date is immaterial), he prescribed Rezulin for her. He discontinued the drug on August 6, 1998. Plaintiff claims that she first became aware that she had suffered injury in early 1999.[2]

Plaintiff mailed a claim for review by the New Mexico Medical Review Commission (the "Commission") on July 16, 2001. The Commission issued its decision on plaintiff's claim on April 9, 2002. Plaintiff commenced this action against Dr. Sanazaro and others on July 9, 2002.

### Discussion

#### A. New Mexico Medical Malpractice Act

The New Mexico Medical Malpractice Act (the "MMA")[3] limits the time for bringing a malpractice action against a qualified health care provider[4] to "three

---

1. For example, plaintiff asserts that she sues defendant for failing properly to advise and inform her regarding the drug, consider her medical history and condition, accurately describe the drug and its connection to her alleged injuries, and discontinue use of Rezulin.

2. Leyba Aff. ¶ 4.
The Court notes that the Leyba affidavit was not sworn and therefore is not properly considered on this motion. As the affidavit would not change the result, however, the balance of the discussion assumes that the affidavit is properly considered.

3. N.M. Stat. Ann. §§ 41–5–1, *et seq.* (1978).

4. It is undisputed that Dr. Sanazaro is a qualified health provider within the meaning of the MMA.

years after the date that the act of malpractice occurred."[5] It requires also that, prior to filing a malpractice action against such a provider, the plaintiff apply for and have her claim reviewed by the Commission.[6] It tolls the running of the statute of limitations upon "submission of the case for the consideration of the panel . . . until thirty days after the panel's final decision is entered . . . and served upon the claimant . . . by certified mail."[7] "Submission" occurs on the date the claimant mails her application to the Commission.[8] Service of the Commission's decision likewise occurs on the date on which it is mailed to the claimant.[9] The limitations period thus is calculated as follows: (1) calculate the number of days in the three year period remaining on the date the application for review is mailed; (2) find the end of the tolling period by adding thirty days to the date of mailing of the Commission's decision (plus three days for service by mail under N.M. R. Civ. P. 1–006(D)); (3) add the remainder of the limitations period computed in step 1 to the end of the tolling period calculated in step 2 to determine the end of the limitations period.[10]

■ In this case, Dr. Sanazaro discontinued the medication on August 6, 1998, so the MMA's limitations period began to run no later than that date. Thus, when plaintiff mailed her application for review to the Commission, and thus tolled the statute, on July 16, 2001, no more than twenty-one days of the three year limitation period remained (step 1). The tolling period would have ended thirty-three days after the mailing of the Commission's decision[11] but for the fact that the thirty-third day, May 12, 2002, was a Sunday. The fact that it was Sunday postponed the end of the tolling period until the Monday, which was May 13, 2002[12] (step 2). In consequence, the limitations period expired twenty-one days after May 13, 2002, which was June 3, 2002. Plaintiff did not file this action until July 9, 2002, which was thirty-six days after the statute of limitations had run.

Plaintiff resists this conclusion, arguing that her cause of action did not accrue until she became aware of injury in early 1999. She contends, in reliance on *Garcia on Behalf of Garcia v. LaFarge*,[13] that the statute therefore did not begin to run until that date and that the action is timely once the period during which the statute was tolled by the application to the Commission is excluded.

In *Garcia*, the alleged acts of malpractice occurred no later than February 8, 1989, and the MMA three year period expired on February 8, 1992, which was prior to the date on which the plaintiffs first submitted a claim to the Commission. The injury attributable to the alleged malpractice occurred on November 16, 1991, when there were eight-five days remaining

5. N.M. Stat. Ann. § 41–5–13.

6. *Id.* § 41–5–15.

7. *Id.* § 41–5–22.

8. *Otero v. Zouhar*, 102 N.M. 482, 484, 697 P.2d 482, 484 (1985), *overruled on other grounds*, *Grantland v. Lea Reg'l Hosp., Inc.*, 110 N.M. 378, 796 P.2d 599 (1990).

9. *Id.* (citing *Saiz v. Barham*, 100 N.M. 596, 599, 673 P.2d 1329, 1332 (Ct.App.), *cert. denied*, 100 N.M. 689, 675 P.2d 421 (1983)).

10. *Saiz,* 100 N.M. at 599–600, 673 P.2d at 1332–33.

11. Thirty days per MMA § 41–5–22 plus three days per N.M. R. Civ. P. 1–1006(D).

12. *See* N.M. R. Civ. P. 1–1006(A).

13. 119 N.M. 532, 893 P.2d 428 (1995).

on the limitations period. Plaintiffs claimed, *inter alia,* that Section 41–5–13 of the MMA violated their equal protection and due process rights as applied in circumstances in which their cause of action accrued shortly before the three year limitations period expired.

The New Mexico Supreme Court rejected plaintiffs' equal protection claims, but held that plaintiffs' substantive due process rights would be violated by application of Section 41–5–13 in circumstances where their claim had accrued "an unreasonably short period of time" – in that case, eighty-five days – prior to the expiration of the limitations period.[14] In such circumstances, it said, it would apply a three year period measured from the accrual of the claim.[15] But *Garcia* was an exceptional case, as is confirmed by *Cummings v. X–Ray Associates of New Mexico, P.C.*[16]

The plaintiff there underwent imaging in February and June 1986 and was told that she had a harmless mass in her lung. The error was perpetuated in August 1988 by means that are not relevant here. Finally, in February 1990, plaintiff learned that the lung and another mass first identified in June 1986 were malignant and had been misdiagnosed. The defendant who asserted the limitations defense was brought into litigation in November 1992 by means of a third party complaint in an action filed by the plaintiff. Plaintiff did not bring her own action against that defendant until December 1993.

The defendant sought dismissal, arguing that the last act of alleged malpractice occurred in August 1988, which was more than five years prior to the commencement of plaintiff's action against it. It contended also that plaintiff had known of the misdiagnosis, and hence of the alleged malpractice, since February 1990, prior to expiration of the three year limitations period, but nevertheless failed to sue in time. Plaintiff argued that her claim did not accrue until she learned in 1992 that her cancer had metastasized and that her December 1993 complaint therefore was timely. She argued also that the MMA statute of limitations would be unconstitutional if applied to bar her claim.

The New Mexico Supreme Court rejected the plaintiff's arguments. It held that the MMA statute of limitations is a statute of repose that "terminates the right to any action after a specific time has elapsed, even though no injury has yet manifested itself."[17] In other words, "[t]he triggering event of Section 41–5–13 … is unrelated to the accrual date of the cause of action, and does not entail whether the injury has even been discovered."[18] It distinguished *Garcia* on the ground that it involved "exceptional circumstances" in which "the misdiagnosis of the plaintiff's malady revealed itself only eighty-five days short of the running of the time limit of Section 41–5–13."[19] In *Cummings,* in contrast, the plaintiff learned of the misdiagnosis in February 1990, at which time "there was still about a year and a half before the statute of repose on her malpractice claim expired."[20] By sitting on her rights for more than two years before filing any claims against anyone, which first occurred

---

14. *Id.* at 541–42, 893 P.2d at 437–38.

15. *Id.*

16. 121 N.M. 821, 918 P.2d 1321 (1996).

17. *Cummings,* 121 N.M. at 835, 918 P.2d at 1335.

18. *Id.*

19. *Id.,* 121 N.M. at 836, 918 P.2d at 1336.

20. *Id.,* 121 N.M. at 837, 918 P.2d at 1337.

more than four years after the alleged malpractice, and failing to sue the moving defendant "until December 7, 1993, more than five years after the act," the plaintiff "lost her medical malpractice claim through her own lack of diligence."[21]

Here, the alleged malpractice occurred no later than August 6, 1998 and the injury no later than early 1999. At the time the injury occurred, plaintiff still had until August 6, 2001, plus the additional period during which the statute was tolled by the application for Commission review, plus the additional thirty days following the Commission's decision, to file a medical malpractice action. Thus, unlike the situation in *Garcia*, the alleged injury was known to plaintiff more than two years before she filed a claim with the Commission. Although that claim was timely, she then failed to act promptly after the Commission rejected the claim despite the benefit of the extended period for doing so. Nothing in *Garcia* supports the suggestion that application of the statute would contravene plaintiff's substantive due process rights, and *Cummings* makes clear that the MMA period runs from the date of the alleged malpractice, which renders this action untimely.

### B. Continuous Treatment Doctrine

It is undisputed that Dr. Sanazaro treated plaintiff until January 2002. Plaintiff argues that the continuous treatment doctrine therefore requires the conclusion that the limitations period did not begin to run until then and that her action was timely.

■ The short answer to this contention is that the limitations period in the MMA controls here and that New Mexico has rejected the continuous treatment doctrine in cases covered by that statute.[22]

**21.** *Id.*

*Conclusion*

For the foregoing reasons, the motion of defendant Sanazaro for summary judgment dismissing the complaint as to him is granted.

SO ORDERED.

**22.** *Juarez v. Nelson,* 133 N.M. 168, 61 P.3d 877, 882 (Ct.App.2002).