JOHN AYERS, Ex'r, etc.,

*v.*

JOHN CHISUM.

January Term, 1884.

PAROL EVIDENCE—DEPOSITIONS IN FORMER SUIT.
 Where it is sought to prove, not the contents of certain depositions, but simply the fact that they were properly taken and used in a previous suit between the same parties touching the same subject-matter, this may be done by parol evidence, and the record of the former suit need not be introduced.

Appeal from the First judicial district court, Santa Fe county.

*William Breeden* and *T. B. Catron,* for plaintiff.

*Conway & Risque,* for defendant.

AXTELL, C. J.   This was a suit brought by John Ayers, executor of William Rosenthal, deceased, to recover upon three promissory notes.   On the trial, plaintiff introduced certain depositions to prove the making and indorsing of said notes.   These depositions, it was alleged, had been taken between the same parties, touching the same subject-matter, in the Second judicial district.   Defendant objected to the introduction and reading of said depositions, because the only evidence offered of the existence of the former suit was by parol. Defendant contended that the record of said suit ought to have been introduced.   This is the only error we deem important to notice, for if the depositions were properly admitted, there was evidence sufficient to go to the jury.   This is not a case of proving the contents of a document, and every other fact, speaking generally, must be proved by parol evidence.   It was not sought to prove the contents of the depositions, but simply and only to establish the fact that they had been properly taken, introduced, and used in the Second judicial district in a suit touching the same subject-matter, and between the same parties.   This fact was properly proved by oral evidence.   The depositions once introduced, there is a fair issue of fact.   This has been passed upon by a jury.   The finding of the jury, when lawfully and fairly reached, ought to stand.   Another jury might find differently, and might not; but whether they would or not, this was the jury to whom, under the law, the responsibility was committed, and whose decision must not be disturbed unless error or mistake or unfairness has been shown to have brought it about.   Nothing of that kind is shown, and we see no good ground for setting aside their verdict. Judgment affirmed.
 (All concur.)