690 P.2d 1019

**The CITY OF LAS CRUCES, Petitioner,**

**Arthur Guerra, and The State of New Mexico, Defendants,**

v.

**Andrew L. GARCIA, Respondent.**

No. 15382.

Supreme Court of New Mexico.

Nov. 7, 1984.

Gordon J. McCulloch, Katherine E. Tourek, Bradley & McCulloch, P.A., Albuquerque, for petitioner.

Anthony F. Avallone, Law Systems of Las Cruces, P.A., Las Cruces, for respondent.

Deborah S. Davis, Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, State of N.M.

**OPINION**

RIORDAN, Justice.

On September 8, 1982, plaintiff Andrew Garcia (Garcia) filed suit against defendants Arthur Guerra (Guerra), the City of Las Cruces (City), and the State of New Mexico (State) to recover damages for personal injuries received in an April 15, 1982 accident. The City and State both moved for summary judgment, and the district court granted the motions on the grounds that Garcia had failed to comply with the notice requirement of the Tort Claims Act, NMSA 1978, Sections 41–4–1 to 41–4–27 (Repl.Pamp.1982 and Supp.1983). On appeal, the Court of Appeals affirmed summary judgment as to the State but reversed as to the City. We granted the City's petition for certiorari and reverse the Court of Appeals' holding as to the City.

The issue raised on certiorari is whether the City traffic department's receipt of a copy of an accident report in this case is "actual notice" under the Tort Claims Act.

The facts are adequately presented in the Court of Appeal's opinion.

We disagree with the Court of Appeals' interpretation of *New Mexico State Highway Comm'n v. Ferguson*, 98 N.M. 680, 652 P.2d 230 (1982), and with its instructions on remand. The Court of Appeals held that under *Ferguson*, if the City traffic department is the governmental agency responsible "for overseeing the safety of intersections, * * * then notice of the occurrence to that department in the form of the police report is actual notice to the City." The court's holding and instructions were based on our statement in *Ferguson* that Subsection 41–4–16(B) means that "the *particular agency that caused the alleged harm* must have actual notice before written notice is not required." *Ferguson*, 98 N.M. at 681, 652 P.2d at 231 (emphasis added).

The interpretation of a statute must be consistent with the legislature's intent and must be accomplished by "adopting a construction which will not render the statute's application absurd, unreasonable, or

unjust." *State v. Santillanes*, 99 N.M. 89, 90, 654 P.2d 542, 543 (1982) (citations omitted). Section 41–4–16, the notice provision of the Tort Claims Act, states:

> A. Every person who claims damages from the state or any local public body under the Tort Claims Act [41–4–1 to 41–4–27 NMSA 1978] shall cause to be presented to the risk management division for claims against the state, the mayor of the municipality for claims against the municipality, the superintendent of the school district for claims against the school district, the county clerk of a county for claims against the county, or to the administrative head of any other local public body for claims against such local public body, within ninety days after an occurrence giving rise to a claim for which immunity has been waived under the Tort Claims Act, a *written notice stating the time, place and circumstances of the loss or injury.*
>
> B. No suit or action for which immunity has been waived under the Tort Claims Act shall be maintained and no court shall have jurisdiction to consider any suit or action against the state or any local public body unless notice has been given as required by this section, *or unless the governmental entity had actual notice of the occurrence.* The time for giving notice does not include the time, not exceeding ninety days, during which the injured person is incapacitated from giving the notice by reason of injury. (Emphasis added.)

Subsection 41–4–16(A) clearly states the legislature's intent that the governmental entity against which a claim is being made must be given *written notice* of the alleged tort. Subsection 41–4–16(B) creates an exception to this requirement where the governmental entity allegedly at fault had *actual notice* of the tort. The purpose of Subsections 41–4–16(A) and (B) is "to ensure that the agency allegedly at fault is notified that *it may be subject to a lawsuit." Ferguson*, 98 N.M. at 681, 652 P.2d at 231 (emphasis added).

We agree with the Court of Appeals that under some circumstances, a police or other report could serve as actual notice under Subsection 41–4–16(B), but only where the report contains information which puts the governmental entity allegedly at fault on notice that *there is a claim against it.*

We have reviewed the police report in the instant case and have found nothing in it which would inform or notify the City traffic department that it may be subject to a lawsuit.

The Court of Appeals is reversed, and the trial court's granting of summary judgment in favor of the City is upheld.

IT IS SO ORDERED.

FEDERICI, C.J., and STOWERS, J., concur.

WALTERS, J., dissenting.

WALTERS, Justice (dissenting.)

I do not agree with the majority opinion. The Court of Appeals opinion should be sustained for the reasons stated therein. Nowhere does the statute require anything more, when there is actual notice, than "notice of the occurrence." The majority opinion converts the statutory language from "notice of the occurrence" to "notice of the tort." In view of the matters before the trial court, *in addition to the accident report itself,* a material issue of fact is raised regarding the City's actual notice, and that issue cannot be resolved by summary judgment. NMSA 1978, Civ.P.R. 56.