743 P.2d 124

**Curtis SMITH, as Personal Representative of Michael C. Smith, Stacy D. Smith, Lisa Smith, Amanda Smith and Jacob Smith, Deceased; and Charles Martin, as Personal Representative of George Martin, Deceased, Plaintiffs-Appellants,**

v.

**STATE of New Mexico ex rel. NEW MEXICO DEPARTMENT of PARKS AND RECREATION, Defendant-Appellee.**

No. 9435.

Court of Appeals of New Mexico.

Aug. 20, 1987.

Norman F. Weiss, Farlow, Simone, Roberts & Weiss, P.A., Albuquerque, for plaintiffs-appellants.

James P. Lyle, Butt, Thornton & Baehr, P.C., Albuquerque, for defendant-appellee.

## OPINION

DONNELLY, Chief Judge.

Plaintiffs, as personal representatives of Michael C. Smith, Stacy D. Smith, Lisa Smith, Amanda Smith, Jacob Smith, and George Martin, deceased, appeal from the trial court's award of summary judgment in an action brought under the New Mexico Tort Claims Act. NMSA 1978, §§ 41-4-1 to -27 (Repl.1986). The issues raised on appeal each turn upon the central question of whether the State Park and Recreation Department, through its appropriate officers, was given timely and sufficient actual notice of plaintiffs' claim for wrongful death under the Tort Claims Act. Reversed and remanded.

Suit was filed herein against defendant under the Tort Claims Act, for its alleged negligence resulting in a boating accident on March 18, 1984, and the ensuing deaths of decedents. Plaintiffs brought suit as personal representatives of decedents' estates. Defendant answered and filed a motion to dismiss, or alternatively seeking summary judgment.

In its motion for summary judgment, defendant contended that plaintiffs failed to comply with the notice requirement of the Tort Claims Act under Section 41-4-16. The motion further asserted that any actual notice plaintiffs allegedly provided was

insufficient because plaintiffs failed to inform the proper state authorities within the ninety-day period specified by Section 41–4–16(B), that a claim was filed or would be filed against the state.

Defendant's motion for summary judgment was supported by the affidavit of Carlos Martinez, director of the State Department of Parks and Recreation, and an affidavit of Taylor Hendrickson, assistant director of the State Risk Management Division. Both affidavits recited that the records of the two departments indicated that no notice was ever received during the ninety-day period following March 18, 1984, notifying the state of any claims against it, or which arose out of the boating accident of March 18, 1984.

In opposition to the motion for summary judgment, plaintiffs filed the affidavit of Curtis Smith, a personal representative and plaintiff. The affidavit stated in part:

4. [Within ninety days of decedents' drownings] I did have several conversations with various individuals within the State Park & Recreation Division, of the State of New Mexico, during which time I informed them that I felt that the lack of improper [sic] supervision and other negligence on the part of the * * * State Park and Recreation Division, was a direct cause of the deaths of these individuals.

5. Among the people [to whom] I expressed my feelings that the State's improper conduct was a cause of the deaths ... were Otis Chappell, the boating supervisor for the State Park and Recreation Division, Mike Maddox, the Superintendent for the park in question, [and] Paul DeLatorre, the park ranger at Elephant Butte State Park.

6. All of these individuals were informed that I felt that the State was at fault in causing the death [sic] of the above named decedents and that there was a substantial likelihood that legal proceedings would be initiated against the State arising out of said fault in the deaths of these individuals.

7. In addition * * * I also personally spoke with several other officials of the State Park & Recreation Division by telephone, to their offices in Santa Fe, and informed [them] that I felt the State was at fault in causing the deaths of the above named decedents and that legal action based on said fault was entirely possible if not probable.

. . . .

9. All these individuals were informed that there was a likelihood of future legal action against the State based upon the fault of the State Park & Recreation Division.

At the hearing on the motion, plaintiffs relied upon the affidavit of Curtis Smith, and referred to an accident investigation report prepared by the New Mexico State Police after the drownings; plaintiffs' brief-in-chief also refers to this report. We do not consider the report since it is not a part of the record on appeal, nor was it before the trial court at the time of the hearing on summary judgment. *State ex rel. Alfred v. Anderson,* 87 N.M. 106, 529 P.2d 1227 (1974).

Following the hearing on the motion for summary judgment, the district court granted the motion, finding that "[t]here is no genuine issue as to any material fact, and the defendant is entitled to judgment as a matter of law because the requirements of the ninety (90) day notice provision of the New Mexico Tort Claims Act, § 41–4–16 * * * have not been fulfilled * * *."

## PROPRIETY OF SUMMARY JUDGMENT

Plaintiffs contend that the trial court erred in granting summary judgment and that it improperly determined that the statements made by Smith in his affidavit were insufficient to give notice of the occurrence as required by Section 41–4–16(B).

In reviewing the award of summary judgment, we address two discrete issues: first, was the type of notice given by plaintiffs sufficient to meet the actual notice requirement of Section 41–4–16(B), and second, were the appropriate state officials given proper notice?

Section 41–4–16(B) specifies, in applicable part, that no suit or action for which immu-

nity has been waived under the Tort Claims Act shall be maintained and the court shall be without jurisdiction to consider any suit against the state or local public body, "[U]nless notice has been given as required by this section, or unless the governmental entity had actual notice of the occurrence."

Plaintiffs concede that they did not provide written notice of their claims against the state under Section 41–4–16(A). Instead, plaintiffs contend that defendant had actual notice of the decedents' drownings and that Smith informed defendant that there was a substantial likelihood·that legal proceedings would be initiated against the state as a result of the state's alleged negligence, resulting in the deaths of the decedents.

 The purpose of the statutory notice requirement contained in the Tort Claims Act is to ensure that the governmental agency allegedly at fault is given notification that it may be subject to a lawsuit. *New Mexico State Highway Comm'n v. Ferguson*, 98 N.M. 680, 652 P.2d 230 (1982); *see also Martinez v. City of Clovis*, 95 N.M. 654, 625 P.2d 583 (Ct. App.1980). Under Section 41–4–16(B), "actual notice" rather than written notice may be given, provided that the particular agency that caused the alleged harm is notified within ninety days after an occurrence giving rise to the claim for which immunity has been waived that "it may be subject to a lawsuit." *City of Las Cruces v. Garcia*, 102 N.M. 25, 690 P.2d 1019 (1984); *New Mexico State Highway Comm'n v. Ferguson*. Contrary to defendant's contention, the statute does not require that the notice indicate a lawsuit will in fact be filed against the state; the statute contemplates that the state must be given notice of a likelihood that litigation may ensue, in order to reasonably alert it to the necessity of investigating the merits of a potential claim against it. *See Martinez v. City of Clovis.*

 Curtis Smith's affidavit stated that within ninety days of the deaths of decedents, he informed officials of the State Parks and Recreation Commission, and specifically Otis Chappell, the boating supervi-

sor of the State Parks and Recreation Division, Mike Maddox, superintendent of Elephant Butte State Park, and Paul DeLatorre, park ranger at Elephant Butte State Park, both of the fact of the occurrences and that the Parks and Recreation Commission might be subject to a lawsuit arising out of the drownings. In contrast, the affidavits of Carlos Martinez, director of the Parks and Recreation Commission, and Taylor Hendrickson, Assistant Director of the State Risk Management Division, submitted by defendant, stated that they could find no indication that their respective departments ever received timely notice of plaintiffs' claim.

It is a familiar rule that a party against whom summary judgment is asserted should be given the benefit of all reasonable doubts in determining whether a genuine issue exists as to any material factual issue in a case. *Skarda v. Skarda*, 87 N.M. 497, 536 P.2d 257 (1975); *see* SCRA 1986, 1–056(C). Pleadings, affidavits, and other documents must be viewed in their most favorable aspect in support of the party resisting summary judgment and his right to trial on the merits. *Koenig v. Perez*, 104 N.M. 664, 726 P.2d 341 (1986). Summary judgment should not be employed to decide issues of fact, but to determine if one exists. *Gonzalez v. Gonzalez*, 103 N.M. 157, 703 P.2d 934 (Ct.App.1985); *see Shumate v. Hillis*, 80 N.M. 308, 454 P.2d 965 (1969).

 As a general rule, whether or not notice has been given or received is a question of fact to be determined by the trier of fact. *Colorado Interstate Gas Co. v. Dufield*, 9 Kan.App.2d 428, 681 P.2d 25 (1984). An issue concerning a party's knowledge involves a factual determination based upon the particular circumstances of the case. *SGM Partnership v. Nelson*, 5 Haw. App. 526, 705 P.2d 49 (1985). Similarly, in *New Pueblo Constructors, Inc. v. State*, 144 Ariz. 113, 696 P.2d 203 (1984), the court observed if there is conflicting evidence on the question of whether notice was given, it is a factual issue, but whether written notice is sufficient is a question for the court. The knowledge that a governmental

entity must possess in order to satisfy the actual notice requirement is the same as that required to be given in written notice, namely, that it may be subject to a lawsuit. *See* § 41-4-16; *City of Las Cruces v. Garcia; see generally* Annotation, *Actual Notice as Claim for Injury*, 7 A.L.R.4th 1063 (1981).

Plaintiffs' affidavit indicating that actual notice was given to officials of the State Parks and Recreation Department presents a material factual issue precluding the rendition of summary judgment. *See Collier v. City of Texas City*, 598 S.W.2d 356 (Tex. Civ.App.1980).

Defendant argues that even if Smith gave notice, as recited in the affidavit, the appropriate officials of the State Parks and Recreation Department did not receive sufficient notice as required by the Tort Claims Act. Defendants assert that under the Act, the head of the agency or department allegedly at fault, or the Risk Management Division, must be given notice.

■ The agency allegedly at fault, not merely any state governmental entity or employee, must have actual notice before written notice is excused. *New Mexico State Highway Comm'n v. Ferguson.*

■ In *Martinez v. City of Clovis*, however, this court held that the notice requirement is satisfied when actual notice of an accident has been given to an agent of the public entity within the ninety-day period. Here, plaintiffs' affidavit stated that notice was given to both the superintendent of the state park where the drownings occurred and to the boating supervisor at the park. Actual notice to these officials satisfies the notice requirements specified in Section 41-4-16. As observed in *Emery v. University of New Mexico Medical Center*, 96 N.M. 144, 628 P.2d 1140 (Ct.App.1981), actual notice of the occurrence, which excuses written notice, is similar to the actual notice requirement contained in the Workmen's Compensation Act (NMSA 1978, Section 52-1-29(B)), and these provisions should be interpreted similarly. Accordingly, where it is shown that a public entity had actual knowledge of the incident upon which plaintiffs' claim is grounded, written notice is excused. *Id.* Here, as shown by plaintiffs' affidavit, the Parks and Recreation Department could have had actual notice of the incident.

Plaintiffs' affidavit was sufficient to raise a factual issue concerning whether actual notice was given to defendant, and the matters recited in the affidavit were sufficient to place the requisite state officers on notice as to the likelihood of a lawsuit being filed and the factual basis for plaintiffs' claims.

The supreme court has indicated that a report must contain information which puts the entity on notice of the tort. *City of Las Cruces v. Garcia.* Under this standard, we conclude that it was error to dismiss plaintiffs' complaint by awarding summary judgment.

The order of summary judgment is reversed and the cause is remanded for further proceedings consistent with this opinion. The parties shall bear their own costs.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.