752 P.2d 253

**Emiline FRAPPIER, Plaintiff–Appellant,**

v.

**John MERGLER, et al., Defendants–Appellees.**

**No. 9198.**

Court of Appeals of New Mexico.

March 15, 1988.

---

Duane J. Lind, Ferguson & Lind, P.C., Albuquerque, for plaintiff-appellant.

Peter J. Everett, IV, Ralph W. Steele, Everett & Steele, Albuquerque, for defendants-appellees.

## OPINION

GARCIA, Judge.

This appeal comes before the court for decision following its submission to an advisory committee pursuant to an experimental plan. *See Patterson v. Environmental Improvement Div.*, 105 N.M. 320, 731 P.2d 1364 (Ct.App.1986); *Stoll v. Dow*, 105 N.M. 316, 731 P.2d 1360 (Ct.App.1986); *Boucher v. Foxworth–Galbraith Lumber Co.*, 105 N.M. 442, 733 P.2d 1325. (Ct.App. 1986). The committee rendered a unanimous decision and the parties were so notified. We acknowledge the aid of attorneys Daniel R. Cron, William R. Federici and Joel V. Burstein, who devoted both time and effort. We express our gratitude for their voluntary service. This court has considered the transcript and briefs in this case, together with the opinion of the advisory committee. We adopt the opinion of the advisory committee in modified form. We affirm in part and reverse in part.

## ISSUES

Initially, Frappier raised three issues on appeal. Frappier, however, failed to cite authority in support of her first issue and, thus, we will not address it. *See In re Adoption of Doe*, 100 N.M. 764, 676 P.2d 1329 (1984). Accordingly, the following issues are properly before us: (1) whether there exist genuine issues of material fact concerning whether defendants had actual notice provided by the New Mexico Tort Claims Act; and (2) whether summary judgment should be reversed as it relates to individual defendants named by plaintiff.

## FACTS

Plaintiff Emiline Frappier (Frappier) filed a complaint for personal injury and monetary damages against John Mergler (Mergler); the Village of Corrales (Village); Thomas Gentry, individually and in his capacity as Mayor of the Village of Corrales (Mayor); Benjie Torres, individually and in his capacity as Chief of Police for the Village of Corrales Police Department (Chief); and the Village of Corrales Police Department (Department).

The lawsuit arose out of an intersection accident occurring on December 29, 1982. Frappier was traveling north on Corrales Road within the Village while Mergler, an on-duty police officer, was responding to an emergency call. At the time of impact, Mergler was proceeding with his emergency equipment, including flashing lights, siren and headlights fully engaged. He was passing in northbound traffic by driving in the southbound lane. Frappier was at the intersection, and while making a left-hand turn from her northbound lane, the vehicles collided.

The Bernalillo County Sheriff's Department responded to the accident, conducted an investigation and issued a police report. The narrative section of the report recited:

Vehicle # 1 [police car] was responding to call, emergency lights, siren operating, overtook vehicle # 2 [Frappier vehicle] on left side, vehicle # 2 driver did not hear siren, or see lights behind her, turned left into path of vehicle # 1[.] Vehicles collided. Vehicle # 1 also struck telephone pole and fence posts.

The police report indicated that neither Frappier nor Mergler complained of any injuries at the scene. The report did indicate, however, that each of the vehicles had sustained damage in excess of $100. Within minutes of the accident, the Chief arrived at the scene and observed that each vehicle had sustained heavy damage. The Mayor, who is a member of the fire department's rescue unit, also appeared at the accident scene.

Within ten days of the accident, the Village filed a claim with its own insurer to recover for damages sustained by the police vehicle. The Mayor personally handled the details of the claim and made personal contact with the claims adjustor from the Village's insurance company. The Village's insurer received two claims as a result of the accident. One was from its own insured, the Village, and a second was submitted by a utility company for damage to a utility pole. That claim was not paid. Rather, the adjustor testified that "we had referred them [utility] to the responsible party, Mr. Frappier, Mr. or Mrs. Frappier." The insurance company covered the damages sustained by the Village and ultimately closed its file on this matter.

Approximately two years after the accident, Frappier filed a lawsuit seeking monetary damages for personal injuries she sustained as a result of the accident. Prior to the filing of the suit, Frappier gave no written notice to the Village indicating that the governmental entity was at fault or that it would be subject to a claim or lawsuit. Moreover, Frappier had not verbally communicated with any official or employee of the Village indicating that she might pursue a claim against the Village as a consequence of the accident in question, or that she considered the accident to be the fault of any person or governmental entity that she joined as a defendant in the action.

Defendants filed a motion for summary judgment on the grounds that plaintiff had failed to demonstrate compliance with mandatory notice provisions pursuant to NMSA 1978, Section 41-4-16 (Repl.1986). The trial court granted the motion for summary judgment with respect to all defendants and Frappier appealed.

Issue I

This issue presents the question of whether the Village, through its appropriate officials, was given timely and sufficient "actual notice" of plaintiff's claim for damages under the Tort Claims Act (TCA), NMSA 1978, Sections 41-4-1 through -27 (Repl.1986). In its motion for summary judgment, the Village contended that plaintiff failed to comply with the notice requirements of the TCA under Section 41-4-16. In summary proceedings under the TCA, the moving party has the burden of

showing that notice requirements have not been met. *Ferguson v. New Mexico State Highway Comm'n*, 98 N.M. 718, 652 P.2d 740 (Ct.App.1981), *rev'd on other grounds, New Mexico State Highway Comm'n v. Ferguson*, 98 N.M. 680, 652 P.2d 230 (1982). Once the party moving for summary judgment has made a prima facie showing of its entitlement to judgment, however, it is incumbent on the party opposing the motion to demonstrate the existence of a triable issue. *See Tapia v. McKenzie*, 83 N.M. 116, 489 P.2d 181 (Ct.App.1971). Here, defendants' motion for summary judgment was supported by an affidavit from the Mayor indicating that prior to receipt of the complaint, neither he nor the Village had received any notice, in writing or otherwise, of a claim by Frappier against the Village as a result of the automobile accident.

■ Section 41-4-16(A) places a requirement upon a claimant under the TCA to cause "written notice stating the time, place and circumstances of the loss or injury" to be presented to the appropriate administrative head of the public entity from which compensation for a claim is sought within ninety days after an occurrence. It is undisputed that Frappier did not provide written notice as required by Section 41-4-16(A). Section 41-4-16(B), however, recognizes an exception to the written notice requirement when the governmental entity alleged to be at fault has "actual notice." The actual notice required, however, is not simply actual notice of the occurrence of an accident or injury but rather, actual notice that there exists a "likelihood" that litigation may ensue. *Smith v. State ex rel. Dep't of Parks & Recreation*, 106 N.M. 368, 743 P.2d 124 (Ct.App.1987); *see also Ferguson v. New Mexico State Highway Comm'n*, 99 N.M. 194, 656 P.2d 244 (Ct.App.1983).

In *City of Las Cruces v. Garcia*, 102 N.M. 25, 690 P.2d 1019 (1984), plaintiff was involved in a car accident. A police report was filed, a copy of which was routinely sent to the city traffic department. Subsequently, plaintiff filed suit against the driver of the other vehicle, and the State of New Mexico: (State) and the City of Las Cruces (City) for negligent maintenance of the intersection where the accident occurred. Both the State and the City moved for summary judgment, arguing that they received no notice, written or "actual," as required under the TCA. Both motions were granted.

This court affirmed the granting of summary judgment to the State, but reversed as to the City. In reversing, we noted that the city traffic department routinely receives copies of all City accident reports and since the City was one of the alleged responsible parties in the accident, an issue of material fact existed as to whether the city traffic department's receipt of a copy of the accident report constituted "actual notice" under the TCA.

On certiorari, the supreme court noted that the purpose behind Sections 41-4-16(A) and (B) of the TCA is "'to ensure that the agency allegedly at fault is notified that *it may be subject to a lawsuit.*'" *City of Las Cruces v. Garcia*, 102 N.M. at 27, 690 P.2d at 1021 (quoting *New Mexico State Highway Comm'n v. Ferguson*, 98 N.M. at 681, 652 P.2d at 231) (emphasis added); *see also Otero v. State*, 105 N.M. 731, 737 P.2d 90 (Ct.App.1987) (the requirement notice of Section 41-4-16 further aids governmental entities in managing the risks involved under the TCA). The supreme court further noted that in order that a police, or other, report serve as actual notice under Section 41-4-16(B), the report must contain information which puts the governmental entity allegedly at fault on notice *"that there is a claim against it."* *City of Las Cruces v. Garcia*, 102 N.M. at 27, 690 P.2d at 1021 (emphasis in original). The court concluded that the police report failed to inform or notify the city traffic department that it may be subject to a lawsuit and, accordingly, the trial court properly granted both summary judgment motions.

Subsequently, in *Smith*, this court determined that Section 41-4-16(B) does not require that the notice, whether a police report or other method, indicate a lawsuit "will be" filed, but rather, that the notice

must inform the proper governmental entity that there exists a "likelihood" that litigation may ensue. Under this standard, the present case fails.

Here, the police report did not indicate that Mergler was at fault, nor did the report indicate that Frappier had complained of any physical injuries as a consequence of the collision. To the contrary, both the police report and other information the governmental entities had indicated that Frappier was the responsible party. In fact, the police report specifically stated that Frappier "did not hear siren, or see lights behind her, [and] turned left into path of [police car] * * *." The only indication on the report of any loss suffered by Frappier was the notation that her automobile had sustained damage in excess of $100. While there is no dispute that the Village had actual notice of the accident, that is insufficient to vest the Village with the knowledge that it or any of its employees may be subject to a lawsuit or of the likelihood of litigation as a result of that accident. The facts contained in the police report, alone, are not even sufficient to put the Village or the Department on notice that Frappier considered the accident to be the fault of any of the defendants.

The question of whether the knowledge of Mergler, the Chief and the Mayor constituted actual knowledge requies the same conclusion. There exists no indication from the record that Mergler, the Chief, the Mayor or anyone else present at the scene of the accident was apprised at that time, or at any time within the statutory period, that Frappier considered the accident to be the fault of any of the defendants or that the filing of a lawsuit by Frappier was likely. Similarly, no such information was provided by Frappier to the Village, the Department, or any of the agents or employees of the Village or Department during the ninety-day period that ensued after the accident. As a result, we hold, consist-

ent with *City of Las Cruces v. Garcia*, that actual notice was not provided to the Village or the Department as required under Section 41–4–16(B) of the TCA. Accordingly, we affirm the granting of summary judgment as to both the Village and the Department.

Issue II

Frappier sued the Chief and the Mayor both individually and in their respective capacities as employees of the Village. Frappier contends that notice under Section 41–4–16 is unnecessary because these defendants are not state or local public bodies. We agree.

Section 41–4–16(A) requires the claimant provide written notice to specified governmental officials of a claim against "the state or any local public body." The written notice requirement of Section 41–4–16(A), however, does not apply to public employees. *Martinez v. City of Clovis*, 95 N.M. 654, 625 P.2d 583 (Ct.App.1980). Accordingly, summary judgment, as it relates to all defendants other than the Village and the Department, is reversed.

## CONCLUSION

The trial court's granting of summary judgment in favor of the Village and Department is affirmed; the trial court's granting of summary judgment against all other defendants is reversed. We remand this matter to the trial court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DONNELLY, C.J., and MINZNER, J., concur.