822 P.2d 1134

**Maria DUTTON, Plaintiff–Appellant,**

v.

**McKINLEY COUNTY BOARD OF COM-MISSIONERS; McKinley County Sheriff's Department; Jennifer Weisbacher, individually and as an employee of the McKinley County Sheriff's Department; Clayton Garcia, individually and as an employee of the McKinley County Sheriff's Department; the City Council of the City of Gallup; the Gallup Police Department; and Frank Gonzales, individually and as Chief of the Gallup Police Department, Defendants–Appellees.**

No. 11571.

Court of Appeals of New Mexico.

Nov. 15, 1991.

Rudolph B. Chavez, Daniel R. Swiss, Chavez and Montes, Albuquerque, for plaintiff-appellant.

Lynn Isaacson, Mason, Rosebrough & Isaacson, P.A., Gallup, for defendants-appellees.

## OPINION

BLACK, Judge.

Plaintiff appeals the trial court's order of dismissal granted to defendants in a suit filed under the Tort Claims Act, NMSA 1978, §§ 41–4–1 to –27 (Repl.1986). Plaintiff presented three arguments in her docketing statement: (1) defendants did not meet their burden of establishing a lack of notice under Section 41–4–16; (2) the trial court erred in applying the statute of limitations; and (3) since the trial court did not rule on defendants' summary judgment motion for over one year, it was deemed denied pursuant to SCRA 1986, 1–054(B). Since plaintiff did not argue the third issue in her brief-in-chief, that issue is deemed abandoned. *State v. Fish,* 102 N.M. 775, 701 P.2d 374 (Ct.App.1985).

We affirm the judgment in favor of the McKinley County Board of Commissioners (Commissioners) and the McKinley County Sheriff's Department (Department) on the ground that plaintiff failed to comply with the ninety-day notice requirement of Section 41–4–16. We reverse the judgment as to defendant Garcia.

## FACTS

Plaintiff was employed by the City of Gallup as a corrections officer. On February 20, 1986, she was injured during a training exercise in the course of her employment. She filed a workmen's compensation claim against the City of Gallup and was awarded compensation.

Plaintiff then filed the present suit against defendants on February 22, 1988. Defendants Gallup City Council, Gallup Police Department, and Gonzales were dismissed from this suit on the ground that workers' compensation was the exclusive remedy as to them. (From the record it appears that Jennifer Weisbacher was not properly served and was therefore never in the case.)

The remaining defendants filed a motion for summary judgment on April 14, 1988. The trial court granted judgment in favor of defendants on two theories: (1) plaintiff failed to comply with the ninety-day notice requirement of Section 41–4–16; and (2) plaintiff failed to file suit within two years as required by Section 41–4–15.

## ISSUE I. THE NOTICE PROVISIONS OF SECTION 41–1–16

Defendants' first ground for summary judgment was plaintiff's failure to comply with the notice provisions of the Tort Claims Act. *See* § 41–4–16(A), (B). The Tort Claims Act requires that every person who claims damages from the state or any local public body must present a written notice stating the time, place and circumstances of the loss or injury to the public entity involved. § 41–4–16(A). No action may be maintained under the Tort Claims Act "unless notice has been given as required by this section, or unless the governmental entity had actual notice of the occurrence." § 41–4–16(B).

Plaintiff correctly notes that under the Tort Claims Act defendants have the burden of proving that the notice requirement was not met. *Ferguson v. New Mexico State Highway Comm'n,* 98 N.M. 718, 652 P.2d 740 (Ct.App.1981), *rev'd on other grounds,* 98 N.M. 680, 652 P.2d 230 (1982). She is also correct that whether notice has been given is generally a question of fact. *Smith v. State ex rel. N.M. Dep't of Parks & Recreation,* 106 N.M. 368, 743 P.2d 124 (Ct.App.1987). It is, however, incorrect to assume these principles logically require plaintiff's conclusion that summary judgment is therefore not appropriate on whether notice was sufficient under Section 41–4–16 in this case. Once the

movant has made a prima facie showing that he is entitled to summary judgment on the issue of notice, it is incumbent on the party opposing the motion to demonstrate the existence of a triable issue. *Frappier v. Mergler*, 107 N.M. 61, 752 P.2d 253 (Ct. App.1988). Plaintiff herein failed to meet this obligation.

■ In support of their motion for summary judgment, defendants filed an affidavit of the McKinley County attorney, Forrest Buffington. Buffington stated his duties included forwarding notice of tort claims against the county to the appropriate insurance carrier. He stated the first notice the Commissioners had of a potential claim was contained in a letter from plaintiff's original attorney dated December 9, 1986. This is well past the ninety days within which notice must be given pursuant to Section 41–4–16.

Plaintiff responds by arguing that, since virtually every employee in the McKinley County building was actually aware of the occurrence, defendants have failed to carry their burden to demonstrate the absence of a factual issue on notice, citing *Beckwith v. Cactus Drilling Corp.*, 84 N.M. 565, 505 P.2d 1241 (Ct.App.1972). Although the statute could be read to require only notice of the occurrence, *City of Las Cruces v. Garcia*, 102 N.M. 25, 690 P.2d 1019 (1984) (Walters J., dissenting), the law is now firmly established that the notice required "is not simply actual notice of the occurrence of an accident or injury but rather, actual notice that there exists a 'likelihood' that litigation may ensue." *Frappier*, 107 N.M. at 64, 752 P.2d at 256; *accord City of Las Cruces*, 102 N.M. at 27, 690 P.2d at 1021. Even if county employees did have actual knowledge of plaintiff's injury, therefore, it is insufficient to comply with Section 41–4–16.

Plaintiff further argues that these defendants were provided adequate notice by the workmen's compensation claim she filed against the City of Gallup and its insurer. Since, however, none of the present defendants were parties to the workmen's compensation action, that litigation could hardly put these defendants on notice of the likelihood that litigation might ensue against them. *Cf. City of Las Cruces*, 102 N.M. at 27, 690 P.2d at 1021 (nothing in police report to inform traffic department it may be subject to a lawsuit).

Since plaintiff presented no evidence indicating the county had actual notice of the likelihood of litigation, the Buffington affidavit met defendants' burden. *Blount v. T D Publishing Corp.*, 77 N.M. 384, 423 P.2d 421 (1966) (when defendant distributor filed affidavit denying notice that magazine article invaded plaintiff's privacy, burden shifted to plaintiff). Plaintiff failed to respond. The summary judgment as to the Commissioners and the Department is therefore affirmed.

**ISSUE II. COMPLIANCE WITH THE STATUTE OF LIMITATIONS**

■ In addition to the Commissioners and Department, however, plaintiff sued Clayton Garcia, both individually and as a County employee. The written notice requirements of Section 41–4–16 do not apply to claims against public employees. *Martinez v. City of Clovis*, 95 N.M. 654, 625 P.2d 583 (Ct.App.1980). As to Garcia, then, we must consider the second ground on which the trial court granted summary judgment, the statute of limitations.

■ Plaintiff was injured on February 20, 1986. February 20, 1988 fell on a Saturday. Plaintiff filed the present suit on Monday, February 22, 1988. Section 41–4–15 requires that a suit seeking relief under the Tort Claims Act be filed within two years of the occurrence. *Cozart v. Town of Bernalillo*, 99 N.M. 737, 663 P.2d 713 (Ct.App.1983).

The trial court determined that NMSA 1978, Section 12–2–2(G) (Repl.Pamp.1988), applied for purposes of calculating whether the complaint was timely. This statute, enacted in 1880, provides rules of statutory construction. Subsection G provides "in computing time, the first day shall be excluded and the last included *unless the last falls on Sunday,* in which case, the time prescribed shall be extended to include the whole of the following Monday." (Emphasis added.) SCRA 1986, 1–006(A) ("Rule

6(A)"), provides the following means of computing time: "[t]he last day of the period so computed shall be included, *unless it is a Saturday, a Sunday or a legal holiday,* in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday." (Emphasis added.) If Rule 6(A) applies, the complaint was timely filed since February 20, 1988, fell on a Saturday. Since Saturday is not excluded under the statute, plaintiff's action was untimely if Section 12–2–2(G) is used to compute the time for filing. *See Keilman v. Dar Tile Co.*, 74 N.M. 305, 393 P.2d 332 (1964) (no conflict between statute and rule since deadline fell on Sunday).

■ Rule 6(A) provides the means of computing time prescribed under the "rules, or by order of court or by any applicable statute." Defendants contend that the Tort Claims Act is not an "applicable statute" subject to Rule 6(A). We disagree.

Defendants argue the Tort Claims Act evidences a legislative intent that waivers of sovereign immunity be exclusively within the control of the legislature. *See* NMSA 1978, § 41–4–2(A) (Cum.Supp.1988). Defendants maintain that it follows that this court should look to Section 12–2–2(G), a legislative enactment, rather than Rule 6(A), a court-created rule of procedure, for computing time. We can discern no intent from the Tort Claims Act indicating that computations of time should be governed by the statute. In addition, a determination that plaintiff's last day to file was a day the clerks' offices were closed would run afoul of our duty to interpret statutes in accord with sound reasoning and common sense. *See McDonald v. Lambert*, 43 N.M. 27, 32, 85 P.2d 78, 81 (1938); *Bowling v. Webb Gas Co.*, 505 S.W.2d 39, 41–42 (Mo.1974). Moreover, the law generally favors the right of action rather than the right of limitation. *Gaston v. Hartzell*, 89 N.M. 217, 549 P.2d 632 (Ct.App.1976).

■ While the legislature may certainly determine what actions may be brought under the Tort Claims Act, and the limitation period for filing them, the procedure for determining the period in which such actions shall be filed is a procedural question to be calculated by court rules. *Maples v. State*, 110 N.M. 34, 791 P.2d 788 (1990) (on procedural matters, such as time limitations for filing judicial proceedings, a rule adopted by the supreme court governs over an inconsistent statute); *Irvine v. St. Joseph Hosp.*, 102 N.M. 572, 698 P.2d 442 (Ct.App.1984) (limitation statute is to be given effect until it conflicts with supreme court rule).

In *Saiz v. Barham*, 100 N.M. 596, 673 P.2d 1329 (Ct.App.1983), we considered a very similar factual situation under the limitation period of the Medical Malpractice Act, NMSA 1978, § 41–5–13 (Repl.Pamp. 1982). In that case, two of the limitation deadlines expired on Saturday and we relied on Rule 6 to extend the deadlines until Monday. Defendants attempt to distinguish *Saiz* on the ground it involved the Medical Malpractice Act rather than the Tort Claims Act. They contend that, since governmental immunity must be strictly construed, *Saiz* should not be applied to this case. As previously stated, we glean no intent from the Tort Claims Act that unique rules of construction should control the computation of time for filing the complaint.

The Arizona Court of Appeals also resolved a very similar situation in favor of the rule of procedure in *Salzman v. Morentin*, 116 Ariz. 79, 567 P.2d 1208 (Ct.App. 1977). Plaintiffs therein filed a malpractice action. The statute of limitation for such action was two years. Arizona, like New Mexico, had both a statutory scheme and a rule of civil procedure prescribing how time should be calculated. As in the case before us, the timeworn Arizona statutes involved, A.R.S. Sections 1–243 and 1–301, extended the filing time only when the due date fell on Sunday, not Saturday. The Arizona rule of civil procedure, like New Mexico's, was patterned after Rule 6 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 6. Like our Rule 6, it provided the last day was to "be included, unless it is a Saturday, a Sunday, or a legal holiday." A.R.S., R.Civ.P., Rule 6(a). After noting the ma-

jority of both federal and state decisions had interpreted Rule 6 to calculate the period of limitation to include the first business day after a weekend or holiday, the Arizona court confronted the inconsistency between its statute and the rule of procedure, concluding:

> However, in none of the foregoing cases was there involved a statute similar to our A.R.S. § 1–243 which states how time shall be computed. The question then is—which governs, the statute or Rule 6(a) of the Rules of Civil Procedure? Art. 6, § 5 of the Arizona Constitution gives exclusive power to the Supreme Court to make rules relative to all procedural matters in any court. A.R.S. § 1–243 is a procedural statute and insofar as it purports to govern procedure in the courts has been superseded by Rule 6(a) of the Rules of Civil Procedure. The application of Rule 6(a) here does not result in the modification of the prescribed statutory period. It is merely a judicial interpretation of how an action is to be brought after the legislature has specified "what" actions may be brought.

*Salzman,* 567 P.2d at 1209.

The analysis in *Salzman* is persuasive and applicable to the present facts.

We hold that pursuant to SCRA 1986, 1–006, the complaint was timely filed. The summary judgment as to defendant Garcia is therefore reversed and the cause remanded for further proceedings consistent with this opinion. Each side shall bear its own costs on appeal.

IT IS SO ORDERED.

MINZNER and PICKARD, JJ., concur.