This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**FELIX LEWIS, ROBERT HEDGECOCK,**
**FRANK SALAS, and HARVEY WHITELY,**

   Plaintiffs-Appellants,

v.                                                     NO. 30,573

**CITY OF SANTA FE,**

   Defendant-Appellee,

and

**THE STATE OF NEW MEXICO,**

   Defendant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Sheri A. Raphaelson, District Judge**

Amavalise F. Jaramillo
Tome, NM

for Appellants

Law Office of Hatcher & Tebo, P.A.
Scott P. Hatcher
Santa Fe, NM

for Appellee City of Santa Fe

Mark E. Komer

Santa Fe, NM

for Defendant State of New Mexico

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Plaintiffs appeals from an order granting summary judgment to Defendant City of Santa Fe ("City"). We proposed to affirm in a notice of proposed summary disposition and Plaintiffs filed a "motion to amend the statement of the issues" and a memorandum in opposition to summary affirmance, which we have reviewed. We remain convinced that affirmance is appropriate. Furthermore, we are not convinced that Plaintiffs' motion to amend sets forth a viable issue. Therefore, we affirm the district court's order granting summary judgment to the City and we deny Plaintiffs' motion to amend the statement of issues.

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) (citations omitted). A party opposing summary judgment may not simply

2

argue that evidentiary facts requiring a trial on the merits may exist, "nor may [a party] rest upon the allegations of the complaint." *Dow v. Chilili Coop. Ass'n*, 105 N.M. 52, 54-55, 728 P.2d 462, 464-65 (1986).

It is undisputed that Plaintiffs were injured on February 28, 2008, but they did not provide notice to the City until September 22, 2009, when Plaintiffs sent notice to the City's attorney. [RP 1, 12, 14] Summary judgment was granted to the City because Plaintiffs failed to comply with the notice provisions of the New Mexico Tort Claims Act, NMSA 1978, Sections 41-4-1 to -27 (1976, as amended through 2009) ("TCA"), by providing notice to the City within ninety days of the accident. [RP 79] *See* § 41-4-16(A) (requiring a claimant to give "written notice stating the time, place and circumstances of the loss or injury. . . within ninety days after [the] occurrence [that gave] rise to [the] claim"). Plaintiffs argue that the City should be equitably estopped from relying on the notice provisions of the TCA, [DS unnumbered page 3] and have failed to dispute the analysis contained in our notice of proposed disposition on this issue. Therefore, for the reasons set forth in our notice of proposed summary disposition, we affirm the district court's rejection of Plaintiffs' contention that the City should be equitably estopped from relying on the notice provisions of the TCA.

In their motion to amend the statement of issues, Plaintiffs claim summary

judgment was in error because there is a material issue of fact as to whether the City had actual notice of Plaintiffs' claims which would comply with Section 41-4-16(B) of the TCA.  [Mo. unnumbered page 3, ¶ 11] *See* § 41-4-16(B) (providing in part that "[n]o suit . . . for which immunity has been waived under the [TCA] shall be maintained . . . unless notice has been given as required by this section, or unless the governmental entity had actual notice of the occurrence").  Plaintiffs claim that "[u]pon information and belief a police report was taken and a third party made property damage and personal injury claims against the City."  [Mo. unnumbered page 3, ¶ 3]  Their memorandum in opposition is directed solely at arguing that a material issue of fact exists on the issue of actual notice.  [MIO 1-4]

We construe Plaintiffs' "motion to amend the statement of issues" as a motion to amend the docketing statement.  Under Rule 12-208(F) NMRA, this Court "may, upon good cause shown, allow the amendment of the docketing statement."  In cases assigned to the summary calendar, this Court will deny a motion to amend the docketing statement if it raises issues that are not viable, even if the issues allege fundamental or jurisdictional error.  *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).  In this case, we deny Plaintiffs' motion to amend the docketing statement because their contentions regarding the City's receipt of actual

4

notice do not raise a viable issue.

In the motion for summary judgment, the City established that Plaintiffs were injured on February 28, 2008, but they did not provide notice to the City until September 22, 2009. [RP 12, 14] At this point, the City established a prima facie case entitling it to summary judgment. *See* §§ 41-4-16(A) and (B). In response, Plaintiffs did not dispute that the City was not provided with written notice until September 22, 2009. [RP 27-30] Instead, they argued that the City was equitably estopped from relying on the notice provisions of the TCA, an argument that the district court and this Court have found to be without merit. As to their claim of actual notice, Plaintiffs made one assertion, claiming that the City's insurance "would have to repair the van as well as pay property and or personal injury damages to the driver of the vehicle that [the driver] pulled in front of." [RP 30 ¶ 18] Plaintiffs have failed to provide any documentation to support their hypothesis that a third party filed a claim against the City or that the City filed a claim with its insurer for damage to the van. [RP 30 ¶ 18] They attached no documents or affidavits in support of this contention. Plaintiffs' allegations are insufficient to establish a material issue of fact based on actual notice. *See Bank of New York v. Regional Housing Auth.*, 2005-NMCA-116, ¶ 27, 138 N.M. 389, 120 P.3d 471 (holding that a "theory [which] is unsubstantiated and based entirely on speculation" is insufficient to demonstrate a genuine issue of material fact).

5

A hypothetical claim by a third party and a possible investigation by an insurer is sufficient to rebut the City's prima facie case entitling it to summary judgment on grounds of Plaintiffs' failure to comply with the notice requirements of the TCA. Even if the City did file a claim with its insurer for damage to the van and even if the driver of the car involved in the accident with the van sued the City as well as the State employee who was the driver of the van, we are not convinced that either action is sufficient to establish actual notice of Plaintiff's claim under the TCA. [MIO 2; Mo. unnumbered page 2, ¶ 2] "Notice under Section 41-4-16(B) 'means the particular agency that caused the alleged harm must have actual notice before written notice is not required.'" *Lopez v. State*, 1996-NMSC-071, ¶ 7, 122 N.M. 611, 930 P.2d 146 (quoting *State Highway Comm'n v. Ferguson*, 98 N.M. 680, 681, 652 P.2d 230, 231 (1982). *Ferguson* establishes that where a police agency is not the agency causing the alleged harm, and there is no proof of the agency at fault receiving actual notice, a police report does not constitute sufficient actual notice for purposes of Section 41-4-16(B). 98 N.M. at 681, 652 P.2d at 231. Likewise, in *City of Las Cruces v. Garcia*, 102 N.M. 25, 27, 690 P.2d 1019, 1021 (1984), our Supreme Court held that a copy of a police accident report was insufficient to constitute notice to the City's traffic department that it might be subject to a lawsuit. Applying *Ferguson* and *Garcia*, we conclude that Plaintiffs' mere assertions that the City and its insurers were

likely to be investigating the accident due to injuries by a third party are insufficient to establish a material issue of fact as to whether the City received actual notice of Plaintiffs' claims for purposes of Section 41-4-16(B) of the TCA. [MIO 2] It also leads us to disagree with Plaintiffs' contention that the mere fact that the State of New Mexico performed an investigation warrants a finding that there is a material issue of fact as to whether the City had actual notice. [MIO 3] As stated in *Ferguson*, the notice must be provided to the specific governmental agency allegedly at fault, not just any governmental agency. 98 N.M. at 681, 652 P.2d at 231.

*Lopez* also fails to support Plaintiffs' contention that there is a material issue of fact as to whether the City received actual notice. [MIO 2] In *Lopez*, the governmental entities at risk either received or prepared a report specifically about the accident and analyzing potential liability which put them on notice that the plaintiff might assert a claim. 1996-NMSC-071, ¶¶ 3, 13. That report, along with a separate investigative report prepared by a deputy of the Bernalillo County Sheriff's Department, were then sent "to Risk Management, an agency of the General Services Department with statutory duties to 'compromise, adjust, settle and pay claims.'" *Id.* ¶ 5 (internal quotation marks and citation omitted). Plaintiffs' assertions fall far short of demonstrating that the City definitively received or prepared a similar investigative report. Any hypothetical notice provided by the insurer or the third party driver was

therefore not enough to alert the City that litigation might ensue against it, especially given that the van was not driven by a City employee. *See id.* ¶ 12 (recognizing that "New Mexico courts consistently have applied the 'likelihood that litigation may ensue' standard" in deciding whether a governmental entity has received actual notice pursuant to Section 41-4-16(B) of the TCA); *cf. Dutton v. McKinley County Bd. of Comm'rs*, 113 N.M. 51, 53, 822 P.2d 1134, 1137 (Ct. App. 1991). Based upon the foregoing, we deny Plaintiffs' motion to amend their docketing statement to add an issue claiming that the City received actual notice in compliance with Section 41-4-16(B) of the TCA.

**Conclusion**

For the reasons set forth above and those discussed in our notice of proposed summary disposition, we affirm the district court's order granting summary judgment to the City. Furthermore, Plaintiffs' motion to amend the statement of issues is denied.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**