The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: February 7, 2023

**No. A-1-CA-39614**

**JOHN MARTENS and PAT MARTENS,**
**Individually and as Co-Personal**
**Representatives of the ESTATE OF V.M.,**

 Plaintiffs-Appellants,

v.

**CITY OF ALBUQUERQUE, JOHN DOES**
**1-10, and JANE DOES 1-10, Individually,**

 Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Court Judge**

Bowles Law Firm
Jason Bowles
Albuquerque, NM

Gorence Law Firm, LLC
Robert J. Gorence
Albuquerque, NM

for Appellants

Lauren Keefe, City Attorney
Stephanie M. Griffin, Deputy City Attorney
Albuquerque, NM

for Appellee City of Albuquerque

**OPINION**

**WRAY, Judge.**

{1}     Plaintiffs John and Pat Martens (Plaintiffs), individually and on behalf of the Estate of V.M., appeal the district court's dismissal of their complaint against Defendant the City of Albuquerque (the City) for violations of the New Mexico Tort Claims Act (TCA), NMSA 1978, §§ 41-4-1 to -27 (1976, as amended through 2020). The district court concluded that Plaintiffs' written notice did not comply with Section 41-4-16(A) of the TCA, which requires persons who claim damages under the TCA to provide "a written notice stating the time, place and circumstances of the loss or injury." We reverse.

**BACKGROUND**

{2}     In 2016, Plaintiffs sent a "Notice of Claims Resulting in Injury/Death Per [Section] 41-4-16" (the Notice) to the Bernalillo County Clerk, the Risk Management Division, and the Mayor of the City of Albuquerque. The Notice included the following subject line:

Re:     Incident on or about, in the City of Albuquerque, County of Bernalillo, State of New Mexico, in which the minor child [V.M.] suffered serious injuries, and subsequently death, after the New Mexico Corrections Department Probation and Parole Division, located at 111 Gold Ave. SE, Albuquerque, NM 87102, the New Mexico Children, Youth and Families Department [(CYFD)], located at 1031 Lamberton Pl. NE, Albuquerque, New Mexico 87107, and the Second Judicial District Court in Bernalillo County, located at 400 Lomas Blvd. NW, Albuquerque, New Mexico 87102, failed to properly monitor her

> alleged killer, Fabian Gonzales, on probation; this is the Notice of Claims pursuant to [Section] 41-4-16 . . . of the [TCA].

The body of the Notice stated,

> Please take notice that Michael Martens, Wrongful Death Personal Representative of the Estate of [V.M.], may make a claim or claims against the County of Bernalillo, and all affected departments, agencies and divisions within the State, County, and City arising out of the incident involving an accident which took place on August 24, 2016, when Fabian Gonzales, along with two others (Michelle Martens and Jessica Kelley), drugged, sexually assaulted, tortured and killed 10-year-old [V.M.], after the State of New Mexico, County of Bernalillo, and City of Albuquerque generally engaged in tortious conduct and circumstances leading to injury and death of [V.M.], including failure to properly monitor Fabian Gonzales on probation.

> Notice is provided that claims may be brought regarding the negligence of the State of New Mexico, County of Bernalillo, and City of Albuquerque, which resulted in the death of [V.M.] on or about August 24, 2016.

The City, in relevant part, responded, "Regarding the claim against the City of Albuquerque, it was determined that subsequent to a murder investigation by the Albuquerque Police Department [(APD)], the manner in which the crime was investigated was appropriate and in accordance with departmental policies and procedures."

{3} Plaintiffs subsequently filed a complaint and alleged that the City, APD, and unknown officers were negligent in failing to investigate a referral made by CYFD that arose from an incident before V.M. was killed. After significant litigation, the

2

district court dismissed the complaint based on lack of written and actual notice of the claim as required by the TCA under Section 41-4-16. This appeal followed.

**DISCUSSION**

{4}    We review the district court's decision de novo, because "[w]hether the district court properly dismissed [the p]laintiffs' claims for failing to comply with the TCA's notice requirement presents an issue of law." *Cummings v. Bd. of Regents of Univ. of N.M.*, 2019-NMCA-034, ¶ 16, 444 P.3d 1058. To construe the statute, we look first to the language of the notice requirement. *See Niederstadt v. Town of Carrizozo*, 2008-NMCA-053, ¶ 19, 143 N.M. 786, 182 P.3d 769 (looking "first to the plain meaning of the statute's words" (internal quotation marks and citation omitted)). Section 41-4-16(A) states,

> Every person who claims damages from the state or any local public body under the [TCA] shall cause to be presented to the risk management division for claims against the state, the mayor of the municipality for claims against the municipality, the superintendent of the school district for claims against the school district, the county clerk of a county for claims against the county, or to the administrative head of any other local public body for claims against such local public body, within ninety days after an occurrence giving rise to a claim for which immunity has been waived under the [TCA], a written notice stating the time, place and circumstances of the loss or injury.

Under Section 41-4-16(B), actual notice of the occurrence "excuses" the written notice requirement under Section 41-4-16(A). *Smith v. State ex rel. N.M. Dep't of Parks & Recreation*, 1987-NMCA-111, ¶ 19, 106 N.M. 368, 743 P.2d 124. Unless written notice is provided under Section 41-4-16(A) or "the public entity had actual

3

notice of the occurrence, a court is jurisdictionally barred from considering the matter." *Herald v. Bd. of Regents of Univ. of N.M.*, 2015-NMCA-104, ¶ 49, 357 P.3d 438 (alteration, internal quotation marks, and citation omitted). The City contends that Plaintiffs waived any challenge to the sufficiency of the evidence supporting the district court's dismissal and that Plaintiffs failed to establish written and actual notice. Plaintiffs, however, do not appear to challenge the evidence and have explicitly abandoned any challenge to the actual notice ruling. Instead, Plaintiffs argue solely that the contents of the Notice satisfied the Section 41-4-16(A) written notice requirement, and we therefore limit our analysis accordingly.

{5} The purpose of the TCA notice requirement is well established: "(1) to enable the person or entity to whom notice must be given, or its insurance company, to investigate the matter while the facts are accessible; (2) to question witnesses; (3) to protect against simulated or aggravated claims; and (4) to consider whether to pay the claim or to refuse it." *Ferguson v. N.M. State Highway Comm'n*, 1982-NMCA-180, ¶ 12, 99 N.M. 194, 656 P.2d 244. The district court in the present case concluded that the Notice failed to satisfy these purposes. Specifically, the district court determined that the Notice failed to advise the City that the claim related to the duty to investigate a child abuse referral, because the Notice referenced a failure to supervise a probationer and thus "misdirect[ed], and thwart[ed], any inquiry into whether the claim should be denied or should be paid." Because we conclude that

the Notice satisfied the requirements of Section 41-4-16(A), we cannot agree that the City did not have the requisite written notice.

{6} In relevant part, Section 41-4-16(A) requires a person who claims damages under the TCA to present "a written notice stating the time, place and circumstances of the loss or injury." The notice must be directed to at least one of the named individuals in the statute or an agent of those individuals. *Id.*; *see Martinez v. City of Clovis*, 1980-NMCA-078, ¶¶ 14, 18, 95 N.M. 654, 625 P.2d 583 (permitting notice to an agent). The notice must be presented "within ninety days after an occurrence giving rise to a claim for which immunity has been waived under the [TCA]." Section 41-4-16(A). The written notice provision requires nothing more of a claimant seeking damages under the TCA. *See Godwin v. Mem'l Med. Ctr.*, 2001-NMCA-033, ¶ 80, 130 N.M. 434, 25 P.3d 273 (Pickard, J., concurring in part and dissenting in part) ("The written notice required by Section 41-4-16(A) is limited to the time, place, and circumstances of the loss or injury. Nothing more is required."). Thus, we turn to consider whether the Notice satisfied these requirements.

{7} The wrongful death personal representative, the claimant under the statute, sent a written notice of a claim to the Bernalillo County Clerk, the Risk Management Division, and the Mayor of the City of Albuquerque. *See* § 41-4-16(A). The parties do not appear to dispute that the Notice was sent within ninety days of V.M.'s death. The Notice states the time, place, and circumstances of the injury by generally

5

referring to the tortious conduct and negligence by the State, the County, and the City, which caused V.M.'s injuries and death on August 24, 2016. The Notice additionally states that the tortious conduct "includ[es] failure to properly monitor Fabian Gonzales on probation." The district court determined that this additional language and other references to probation monitoring undermined the purpose of the notice requirement and rendered the Notice insufficient. Despite the references to probation monitoring, however, the City was made aware that a claim could be brought based on the crime committed against V.M. and associated negligence and tortious conduct leading to that crime. The Notice was timely, was sent to appropriate individuals, and identified the time, place, and injury. The Notice therefore satisfies the requirements of Section 41-4-16(A).

{8} Nevertheless, the City argues that the Notice was insufficient because it only provided notice of the injury and did not include any of the specifically alleged negligence that formed the basis of Plaintiffs' complaint. Because the Notice generally referenced "negligence" and "tortious conduct," the City contends that the Notice was too vague and general to permit reasonable investigation or anticipation of a claim and therefore did not satisfy the purpose of the TCA notice requirement. For support, the City cites *Cummings*, *Ferguson*, and *Marrujo v. N.M. State Highway Transportation Department*, 1994-NMSC-116, 118 N.M. 753, 887 P.2d 747. These cases, however, do not address the degree to which a claim must be specified in order

for a written notice to satisfy Section 41-4-16(A). The *Marrujo* Court considered the sufficiency of an actual notice claim and not the requirements for written notice under Section 41-4-16(A). *Marrujo*, 1994-NMSC-116, ¶ 25. In *Ferguson*, the relevant question was whether the notice requirement violated due process protections and not whether a particular notice satisfied the statutory requirements. 1982-NMCA-180, ¶¶ 3, 11, 14.

{9}     This Court, in *Cummings*, did address the sufficiency of a written TCA notice. 2019-NMCA-034, ¶ 16. In that case, the plaintiff joined an existing class action and before moving to join the class, submitted an affidavit that asserted an interest in the class action and included the time, place, and injury. *Id.* ¶¶ 9, 15, 17. The *Cummings* Court did not consider whether or decide that a written tort claim notice must specifically identify a claim or meet a factual threshold that would permit an investigation. *Id.* ¶ 21. Instead, this Court held that the already-filed class action complaint provided notice and the affidavit alerted the defendants that the plaintiffs intended to make claims. *Id.* ¶ 20. The present case does not involve an existing class action or a completed investigation, and the Notice must therefore meet the statutory requirements on its own terms. We have concluded that it does.

{10}    Notwithstanding the language of the written notice requirement, the City maintains that notice of the injury is not enough, because Section 41-4-16(A) requires that the notice be related to a "claim *for which immunity has been waived*

7

*under the [TCA].*" We understand the City's argument to be that because Section 41-4-16 twice refers to "a claim for which immunity has been waived under the [TCA]" and a TCA claim must be rooted in one of the waivers of sovereign immunity set forth in the TCA, "at minimum," a TCA notice should "cite to a specific section or sections" of the TCA waivers or cite "to alleged conduct that would invoke one or more" of the TCA waivers. According to the City, the Notice was therefore deficient because it did not identify a specific TCA waiver or conduct that implicated a particular waiver and therefore did not put the City "on notice of an occurrence giving rise to a claim *for which immunity has been waived under the [TCA]* as required by Section 41-4-16 of the TCA." We disagree that the language of Section 41-4-16(A) requires such specificity in a written notice.

{11}    Section 41-4-16(A) refers to "a claim for which immunity has been waived" as follows:

> Every person who claims damages from the state or any local public body under the [TCA] shall cause to be presented to [identified individuals], *within ninety days after an occurrence giving rise to a claim for which immunity has been waived under the [TCA]*, a written notice stating the time, place and circumstances of the loss or injury.

(Emphasis added.) Section 41-4-16(C) states,

> *When a claim for which immunity has been waived under the [TCA] is one for wrongful death*, the required notice may be presented by, or on behalf of, [identified individuals], within six months after the date of the occurrence of the injury which resulted in the death; but if the

> person for whose death the claim is made has presented a notice that would have been sufficient had he lived, an action for wrongful death may be brought without any additional notice.

(Emphasis added.) These two provisions refer to claims "for which immunity has been waived" in the context of the time to provide notice, *see* § 41-4-16(A), and the extended period for providing notice in a wrongful death case, *see* § 41-4-16(C). Had the Legislature intended for the notice to refer to a specific waiver or incorporate facts to show a waiver, it could have so required. *See Velasquez v. Regents of N. N.M. Coll.*, 2021-NMCA-007, ¶ 85, 484 P.3d 970 (noting that the Legislature "could have easily" included words to achieve a particular effect had it so intended that effect). Instead, the Legislature required that claimants present written notice within ninety days of the occurrence of a claim that gives rise to a TCA claim and that written notice states "the time, place and circumstances of the loss or injury." Section 41-4-16(A). As we have explained, under that provision, nothing more is required.

**CONCLUSION**

{12}     The Notice provided the City with the information necessary to investigate its involvement with the circumstances leading to V.M.'s injuries and death. The written Notice satisfied the requirements of Section 41-4-16(A). We therefore reverse the district court and remand for further proceedings.

9

{13}    **IT IS SO ORDERED.**


_____
                                **KATHERINE A. WRAY, Judge**

**WE CONCUR:**


_____
**MEGAN P. DUFFY, Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge, retired, sitting by designation**