2015 UT App 198

## THE UTAH COURT OF APPEALS

GAYLE CARTER AND LANETT CARTER,
Plaintiffs and Appellants,
*v.*
BOURGOIN CONSTRUCTION, INC. AND *LANDMARK TESTING &
ENGINEERING, INC.*,
Defendants and *Appellee.*

Memorandum Decision
No. 20140405-CA
Filed August 6, 2015

Fifth District Court, St. George Department
The Honorable Gary D. Stott
No. 090501861

Darwin C. Fisher, Attorney for Appellants

Jason C. Hunter, Attorney for Appellee

JUDGE STEPHEN L. ROTH authored this Memorandum Decision, in
which JUDGES MICHELE M. CHRISTIANSEN and JOHN A. PEARCE
concurred.

ROTH, Judge:

¶1      Gayle and Lanett Carter (the Carters) appeal the district
court's denial of their motion to amend their complaint. We
affirm.

¶2      In 2003, A. Kent Cottam contracted with Landmark
Testing & Engineering, Inc. (Landmark) to perform a
geotechnical investigation on a parcel of land he was considering
purchasing in Washington, Utah. Landmark tested the soil for
both expansive and collapsible soils. Based on the results of the
report, Cottam went forward with the purchase of the land
which was then subdivided into residential lots. One of these
lots was sold to Bourgoin Construction, Inc., which in turn

contracted with the Carters to sell them the lot and construct a home. In 2009, shifting and unstable soils resulted in significant damage to the Carters' home.

¶3     Shortly after, in June 2009, the Carters filed a complaint against Bourgoin Construction, Inc.; Cottam and his wife (the Cottams); Landmark; and other parties who had been involved in the development of the subdivision (the Complaint). In February 2011, the Carters filed an amended complaint adding a new defendant to their suit. A couple of months later, the Carters filed a second amended complaint adding claims against Landmark. Cottam passed away at the end of 2011.

¶4     In June 2012, three years after the original Complaint was filed, the Carters' claims against Landmark were dismissed on summary judgment, the court having determined that the Carters were not in privity of contract with Landmark. The Cottams, however, may have been in privity with Landmark with regard to the subject matter of the Carters' claims because of the Cottams' 2003 agreement with Landmark for geotechnical investigation on the land underlying the Carters' house. In fact, in a separate case, the Cottams had sued Landmark for fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation after another property in the Carters' subdivision experienced similar soil-related damage. The Cottams, however, had not asserted any claims against Landmark in the Carters' case. In any event, in May 2013, as part of a settlement in the Cottams' bankruptcy case, the Carters acquired by assignment all claims the Cottams may have had against Landmark related to the Carters' property. Two months later, the Carters filed a motion with the district court requesting leave to amend the Complaint a third time in order to assert those newly acquired claims. The district court denied the motion, and the Carters appeal that decision.

¶5     We review a district court's denial of a motion to amend for abuse of discretion. *Pride Stables v. Homestead Golf Club, Inc.*, 2003 UT App 411, ¶ 11, 82 P.3d 198.

¶6 "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . ." Utah R. Civ. P. 15(a). Additional amendments may be filed "only by leave of court or by written consent of the adverse party," but "leave shall be freely given when justice so requires." *Id.* "This means that trial courts should 'liberally allow amendments,' but certain factors, such as untimeliness, futility, prejudice to the other side, and bad faith, 'may weigh against the trial court's allowing amendment.'" *Warner v. Warner*, 2014 UT App 16, ¶ 53, 319 P.3d 711 (quoting *Daniels v. Gamma W. Brachytherapy, LLC*, 2009 UT 66, ¶ 58, 221 P.3d 256).

¶7 Here, the district court denied the motion on the basis that too much time had passed to permit a third amendment to the Complaint. The district court judge stated,

> I am finding that plaintiff's motion for leave to file the third Amended Complaint is denied. The circumstances as they exist in this case just prohibit a granting of that motion. The original Complaint was filed in June of 2009, . . . four plus years ago. The second Amended Complaint was filed in April of 2011, two plus years ago. We now have a lot of factors in this case that simply do not weigh in [favor of] this Court's granting the motion . . . .

As part of its oral ruling, the district court quoted *Kelly v. Hard Money Funding, Inc.*, 2004 UT App 44, 87 P.3d 734. *Kelly* states that motions to amend "filed in the advanced procedural stages of the litigation process" are "typically deemed untimely." *Id.* ¶ 29. *Kelly* further states that motions "filed several years into the litigation" are also generally untimely. *Id.* ¶ 30. This is so because

> [i]n such cases, the ongoing passage of time makes it increasingly difficult for the nonmoving party to effectively respond to the new allegations or claims. Parties in such circumstances are often hindered by witnesses who have since moved or

died, by their shaky memories and recollections, or by documents which have since been lost or destroyed.

*Id.* While the district court did not go through each of the *Kelly* concerns one by one, its ruling determined that a number were present in the case at hand and that too much time had passed to justify a grant of the motion to amend. In addition, the district court pointed to the fact that the attorney currently representing the Cottams, against whose assigned claims Landmark would have to defend, "doesn't even know where his clients are anymore" and "can't even get them to cooperate."

¶8 We find no abuse of discretion in the district court's decision. Here, one of the parties had died,[1] his family members—who would be at least tangentially involved in the litigation should the assigned claims be filed—had become difficult to locate or work with, and more than four years had passed since the filing of the Complaint. The Carters, however, contend that the court's decision was an abuse of discretion because, by filing within a couple of months after being assigned the Cottams' claims, and within a month of the stay in the Cottams' bankruptcy case being lifted, they "acted promptly in filing the motion to amend." Thus, they argue, "the filing of the motion to amend four years after the original Complaint and two years after the Second Amended Complaint are not a reasonable basis for the trial court's ruling." We disagree.

¶9 "[A]n assignee cannot stand in a better position than its assignor." *Sunridge Dev. Corp. v. RB&G Eng'g, Inc.*, 2010 UT 6,

---

1. The Carters contend that Cottam's death was not a reasonable basis for the district court's determination that the motion to amend was untimely because Cottam had already testified during a deposition "regarding the material facts on which the assigned claims are based." Because of the way we resolve the issue on appeal, we need not address this specific argument.

¶ 16, 230 P.3d 1000; *see also* 6 Am. Jur. 2d *Assignments* § 108 (2008) ("[T]he assignee has no greater rights than the assignor."). "In other words, the common law puts the assignee in the assignor's shoes, whatever the shoe size." *Sunridge*, 2010 UT 6, ¶ 13 (citation and internal quotation marks omitted). Accordingly, the Cottams' timeliness in bringing their claims against Landmark in this case is of as much consequence here as the Carters' timeliness in bringing their motion to amend. The Carters assert that the Cottams "discover[ed] their claims" against Landmark in February 2010[2] but were justified in failing to assert them during the three years or so prior to the assignment because between September 2010 and June 2013 "the claims were the property of the [Cottams'] bankruptcy estate." But the Carters concede that, while the Cottams' decision to delay filing their claims against Landmark until their bankruptcy case had been resolved might have been prudent or advantageous to the Cottams, the "Cottams could have continued this case during the bankruptcy, but chose not to." The Carters' contention that the assigned claims against Landmark were brought in a timely fashion is not convincing given that more than three years passed between the time the claims were discovered and the time when the Carters brought their motion to amend. Rather, the Carters stand in the shoes of the Cottams on the assigned claims, *see id.*, and must bear the consequences of the Cottams' decision not to pursue their claims against Landmark during their bankruptcy proceedings.

¶10 The Carters further argue that, under *Kelly*, the district court had discretion to deny their third motion to amend only if it found the "late filing was due to a dilatory motive, a bad faith effort during the pleading process, or unreasonable neglect in terms of pleading preparation." (Citing *Kelly*, 2004 UT App 44,

---

2. Landmark argues that the Cottams discovered their claims as early as June 2009 when the Carters filed the Complaint. For purposes of our analysis, we accept the date put forward by the Carters.

¶¶ 37–38.) But the Carters have misunderstood the law. In other words, the Carters did not buy new claims, they bought claims that had been shelved for years; even though they were new to the Carters, they were still claims that could have been pursued earlier.

¶11     *Kelly* discussed three factors that trial courts may analyze in determining whether to grant a motion to amend: (1) timeliness, (2) prejudice, and (3) justification. *Kelly*, 2004 UT App 44, ¶¶ 26, 28–38. Under the justification prong, a district court should "focus[] on the reasons offered by the moving party" for failing to include the new "facts or allegations in the original complaint." *Id.* ¶ 38. In doing so, a court should look for "a dilatory motive, a bad faith effort . . . , or unreasonable neglect." *Id.* The Carters argue that "there is no evidence that [the Cottams'] failure to file claims against Landmark and their failure to prosecute their claims against Landmark during the bankruptcy case [were] due to a dilatory motive, a bad faith effort during the pleading process, or unreasonable neglect in terms of pleading preparation." Accordingly, the Carters argue that it was improper for the district court to deny their motion to amend.

¶12     But district courts are not required to find that all three factors (timeliness, prejudice, and justification) are satisfied before denying a motion to amend. *Kelly v. Hard Money Funding, Inc.*, 2004 UT App 44, ¶ 42, 87 P.3d 734. Rather, "a court's ruling on a motion to amend can be predicated on only one or two of the particular factors," and "depending on the facts of a particular case, the weight that a court gives to one or another particular factor may vary." *Id.* Indeed, "a court is under no obligation to consider any or all of the [three] specific factors that we have discussed above," as long as the court provides an explanation for its decision grounded in the "appropriate principles of law or the factual circumstances that necessitate a particular result." *See id.* Thus, a finding of untimeliness alone, without consideration of the justification or prejudice factors, can be a sufficient ground for a district court to deny a motion to

amend. *See id.* ("'[A] district court acts within the bounds of its discretion when it denies leave to amend for "untimeliness" or "undue delay." Prejudice to the opposing party need not be shown also.'" (quoting *First City Bank, NA v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987))).

¶13  We have previously affirmed district court decisions to deny motions to amend on the grounds of untimeliness even where no accompanying finding of prejudice or specific discussion regarding a movant's "dilatory motive," "bad faith effort," or "unreasonable neglect" was apparent. *See, e.g., Failor v. MegaDyne Med. Prods., Inc.*, 2009 UT App 179, ¶¶ 27–29, 213 P.3d 899 (affirming the trial court's denial of a motion to amend on the grounds of untimeliness alone because "[t]rial courts are in a much better position than appellate courts to make such case-specific determinations as to whether too much time has passed to fairly allow an amendment" (alteration in original)); *Raiser v. Brigham Young Univ.*, 2007 UT App 105U, paras. 8–10 (per curiam) (affirming the district court's decision to deny a motion to amend on grounds of untimeliness where the appellant had failed to state any grounds in support of allowing a motion to amend so late into the litigation). Thus, the district court was not required, as the Carters contend, to find the delay in bringing the claims was specifically a result of a "dilatory motive, a bad faith effort during the pleading process, or unreasonable neglect in terms of pleading preparation" before denying their motion to amend. Rather, the district court was within its discretion to make a "case-specific determination[]," *see Failor*, 2009 UT App 179, ¶ 28, to deny the Carters' third motion to amend on the ground that it was untimely—a determination we have already concluded was justified under the circumstances here where several years had passed between the filing of the original Complaint and the third motion to amend.

¶14  Accordingly, we affirm.

———————