NOT DESIGNATED FOR PUBLICATION

No. 121,473

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROLANDO R. NESLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed February 28, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., HILL and LEBEN, JJ.

PER CURIAM: Rolando R. Nesler appeals the revocation of his probation after admitting to violating the terms of his probation. He asserts the district court abused its discretion by revoking his probation. Because Nesler committed a new crime while on probation, we see no abuse of discretion and affirm.

We granted Nesler's motion for summary disposition under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State responded, asserting that the district court's ruling was supported by the facts and statutory authority. After reviewing the record on appeal and finding no error, we affirm the district court's ruling.

1

In April 2018, Nesler pled guilty to one count of burglary, a severity level 7 person felony. The district court sentenced him to 34 months in prison, to be served consecutive to any prior cases, but granted Nesler's request for a dispositional departure to 24 months' probation. The court referred to the age of Nesler's prior felonies, his acceptance of responsibility, and his willingness to enter into and complete treatment as substantial and compelling reasons to justify the departure.

Nesler later admitted to violating his probation by failing a UA alcohol screening. He voluntarily waived his rights to a hearing and consented to serve a two-day jail sanction.

The State then secured a warrant alleging that Nesler had violated the terms of his probation by testing positive for amphetamines and methamphetamine and for failing to report to his intensive supervision officer as directed. The warrant also alleged that Nesler's whereabouts were unknown as of November 28, 2019.

The State obtained another warrant alleging that Nesler had violated his probation by committing new crimes—aggravated battery on January 2, 2019, and resisting or obstructing arrest on March 16, 2019.

At a probation violation hearing several months later, Nesler admitted the allegations in the first warrant. He also admitted the allegation in the second warrant that he resisted or obstructed arrest, but the State withdrew the aggravated battery allegation. The district court revoked Nesler's probation and modified his original sentence to be concurrent with prior misdemeanor cases but retained the 34-month duration.

Nesler argues the district court abused its discretion in revoking his probation and imposing the underlying sentence. The State agrees that summary disposition here is

proper, asserting that the facts of this case and the authorities cited in Nesler's motion clearly preclude relief in his favor.

Appellate courts review a district court's decision whether to revoke probation for an abuse of discretion. A judicial action constitutes an abuse of discretion if it is

- arbitrary, fanciful, or unreasonable;
- based on an error of law; or
- based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

Nesler bears the burden of showing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Nesler asserts that three factors show the district court abused its discretion:

- He had only served a "quick dip" intermediate sanction before the revocation;
- the allegations underlying the basis for the current revocation "were known at the time of and were the basis of" the previous sanction; and
- revocation did not serve his best interests.

We need not review all of Nesler's contentions, for one is sufficient. Nesler recognizes that when he violated his probation, the district court had discretion under K.S.A. 2018 Supp. 22-3716(c) to revoke his probation without imposing intermediate sanctions. Under subsection (c)(8)(A), the court may revoke probation without an intermediate sanction if a defendant commits a new crime while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A); see *State v. Brown*, 51 Kan. App. 2d 876, 885, 357 P.3d

3

296 (2015). Nesler's current probation violations occurred in November 2018 when he failed two drug screenings and failed to report to his intensive supervision officer and in March 2019 when he committed a new crime.

Nesler does not point to any errors of fact or law in the district court's decision, nor does he show that a reasonable person could not have taken the same position. Based on the record before us, we conclude the district court did not abuse its discretion.

Affirmed.